IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIDGE TOWER DALLAS FIVE LLC, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:16-cv-585-O |
| GREYSTONE HOME BUILDERS, LLC, SYCAMORE HOMES, LLC, MIKE TAMULEVICH, and SEAN TISSUE, | § § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Bridge Tower Dallas Five, LLC has filed a Motion for Contempt and Brief in Support [Dkt. No. 169], in response to Defendants Greystone Home Builders, LLC's and Sean Tissue's non-compliance with this Court's 1) Order Granting in Part Second Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 165], issued on April 22, 2021, and subsequent 2) Electronic Order [Dkt. No. 167] issued on August 4, 2021.

In order to enforce compliance with the Court's Order dated April 22, 2021, as extended by Electronic Order dated August 4, 2021, Plaintiff requested that the Court issue an order requiring Defendants Greystone Home Builders, LLC and Sean Tissue to appear and show cause why they should not be held in civil contempt by reason of the allegations in Plaintiff's Motion for Contempt and Brief in Support [Dkt. No. 169].

United States District Judge Reed O'Connor referred Plaintiff's Motion for Contempt and Brief in Support [Dkt. No. 169] and all related filings to the undersigned United States magistrate judge for hearing, if necessary, and determination or recommendation under 28 U.S.C. § 636(b)(1). *See* Dkt. No. 170.

The Court then entered an Order to Appear, Order to Show Cause, and Order Setting Hearing, *see* Dkt. No. 171, in which the Court ordered "that Defendants Greystone Home Builders, LLC and Defendant Sean Tissue appear in person before United States Magistrate Judge David L. Horan at the Earle Cabell Federal Courthouse located at 1100 Commerce Street, 15th Floor, Dallas, Texas on Friday, January 7, 2022 at 10:00 a.m. and then and there to show cause why this Court should not hold them in contempt of court by reason of the allegations in Plaintiff's Motion for Contempt and Brief in Support [Dkt. 169]" and ordered Plaintiff "to cause a copy of this order to be served on Defendants Greystone Home Builders, LLC and Sean Tissue and to then file an affidavit of service," Dkt. No. 171 at 1-2.

Plaintiff's counsel then filed original and supplemental proof of service declarations of a process server who attested that, "[o]n December 7, 2021, I served a copy of the Order Appear, Order to Show Cause, and Order Setting Hearing on defendants Greystone Builders, LLC , and Sean Tissue by forwarding said order to defendant Sean Tissue at 2535 Ashburn Ct, Rochester MI 48306, and at 2800 Livernois, Bldg D, Suite 220, Troy MI 48083 via Certified Mail, Return Receipt Requested, and by Priority First Class Mail, with Certificate of Mailing. USPS forms 3800, Certificate(s) of Mailing, and USPS tracking documents are attached

hereto" and that, "[o]n December 7, 2021, I served a copy of the Order Appear, Order to Show Cause, and Order Setting Hearing on defendants Greystone Builders, LLC, and Sean Tissue by forwarding said order to defendants Sean Tissue and Greystone Home Builders LLC via email to smtissue@aol.com and sptfund@gmail.com (see attached)" and "have attached a copy of USPS form 3811, Domestic Return Receipt for Certified Mail." Dkt. No. 172 at 1; Dkt. No. 173 at 1; Dkt. No. 174 at 1.

The undersigned held the show cause hearing on January 7, 2022, and Plaintiff's counsel appeared as ordered, but Sean Tissue and a representative of Greystone Builders, LLC did not appear for the hearing as ordered. *See* Dkt. No. 175.

The undersigned issues the following findings of fact, conclusions of law, and recommendation on Plaintiff's Motion for Contempt and Brief in Support [Dkt. No. 169] and, under 28 U.S.C. § 636(e)(6), certifies facts that, in the undersigned's opinion, show that Greystone Builders, LLC's and Sean Tissue's conduct and noncompliance constitutes a violation of the Court's 1) Order Granting in Part Second Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 165], issued on April 22, 2021, and subsequent 2) Electronic Order [Dkt. No. 167] issued on August 4, 2021 and 3) Order to Appear, Order to Show Cause, and Order Setting Hearing [Dkt. No. 171] entered on December 3, 2021, for which Sean Tissue, individually, and Greystone Builders, LLC should be cited to appear before Judge O'Connor and show cause why Greystone Builders,

LLC and Sean Tissue should not be held in civil contempt and be subject to appropriate judicial sanctions as described below.

## Legal Standards

In a case in which, as here, the matter is referred to a magistrate judge under 28 U.S.C. § 636(b), 28 U.S.C. § 636(e)(6) provides that, "[u]pon the commission of any [act of contempt] – ... (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where – ... (iii) the act constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge."

"A party may be held in contempt if he violates a definite and specific court order requiring him to perform or refrain from performing a particular act or acts with knowledge of that order." *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987). "The judicial contempt power is a potent weapon" that should not be used unless a specific aspect of the court's order has been "clearly violated." *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999).

"Contempt is characterized as either civil or criminal depending on its

'primary purpose.'" *In re Collier*, 582 F. App'x 419, 522 (5th Cir. 2014). "A contempt order is civil in nature if the purpose of the order is (1) to coerce compliance with a court order or (2) to compensate a party for losses sustained as a result of the contemnor's actions." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 290-91 (5th Cir. 2002).

To show that civil contempt is warranted, a moving party must establish "1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992). Intent is not an element of civil contempt; the issue is whether the alleged contemnor has complied with the court's order. *See Whitfield*, 832 F.2d at 913. The standard of proof for civil contempt is clear and convincing evidence, which is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, of the truth of the precise facts of the case." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (internal quotation marks omitted).

"After the movant has shown a *prima facie* case, the respondent can defend against it by showing a present inability to comply with the subpoena or order." *Petroleos Mexicanos v. Crawford Enters.*, 826 F.2d 392, 401 (5th Cir. 1987). "Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action. It is settled, however, that in raising this defense, the defendant has a burden of production." *United States v. Rylander*, 460 U.S. 752, 757 (1983). Additionally, "[t]he respondent may avoid a contempt finding

by establishing that is has substantially complied with the order or has made reasonable efforts to comply." *In re Brown*, 511 B.R. 843, 849 (S.D. Tex. 2014) (citing *U.S. Steel Corp. v. United Mine Workers of Am., Dist. 20*, 598 F.2d 363, 368 (5th Cir. 1979)). And, "[e]ven if liability is established, the respondent may demonstrate mitigating circumstances that might persuade the Court to withhold the exercise of its contempt power." *Id.* (citing *Whitfield*, 832 F.2d at 914).

"Upon a finding of civil contempt, the Court has broad discretion to impose judicial sanctions that would coerce compliance with its orders and compensate the moving party for any losses sustained. The Court may impose a conditional fine, provided the amount is reasonably designed to force compliance without being punitive, and/or a fixed term of imprisonment, with the condition that the contemnor be released if he or she complies with the court order. The Court also may require that the contemnors pay reasonable attorney's fees incurred by the moving party in obtaining the contempt finding." *Mary Kay Inc. v. Designs by Deanna, Inc.*, No. 3:00-cv-1058-D, 2013 WL 6246484, at *4 (N.D. Tex. Dec. 3, 2013) (citations omitted).

## Background

The Court's Order Granting in Part Second Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 165], issued on April 22, 2021, and the Court's subsequent Electronic Order [Dkt. No. 167] issued on August 4, 2021 provide, in relevant part:

> The Court GRANTS IN PART Bridge Tower's Motion to Compel Post-Judgment Discovery from Defendants Greystone Home Builders, LLC and

Sean Tissue [Dkt. No. 160] and ORDERS that:

- Sean Tissue must, by **May 13, 2021**, serve on Plaintiff Bridge Tower Dallas Five, LLC's counsel complete answers – without objections – to the first 25 numbered interrogatories in Plaintiff's Post-Judgment Interrogatories to Defendant Sean Tissue, in compliance with Federal Rule of Civil Procedure 33's requirements, *see Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 579-81 (N.D. Tex. 2018);

- Sean Tissue must, by **May 13, 2021**, serve on Plaintiff Bridge Tower Dallas Five, LLC's counsel complete written responses – without objections – to, and produce all documents and electronically stored information in Sean Tissue's possession, custody, or control that are responsive to, Plaintiff's Post-Judgment Request for Production to Defendant Sean Tissue, in compliance with Federal Rule of Civil Procedure 34(b)'s requirements, *see Lopez*, 327 F.R.D. at 575-79;

- Greystone Home Builders, LLC must, by **May 13, 2021**, serve on Plaintiff Bridge Tower Dallas Five, LLC's counsel complete answers – without objections – to the first 25 numbered interrogatories in Plaintiff's Post-Judgment Interrogatories to Defendant Greystone Home Builders, in compliance with Federal Rule of Civil Procedure 33's requirements, *see Lopez*, 327 F.R.D. at 579-81; and

- Greystone Home Builders, LLC must, by **May 13, 2021**, serve on Plaintiff Bridge Tower Dallas Five, LLC's counsel complete written responses – without objections – to, and produce all documents and electronically stored information in Greystone Home Builders, LLC's possession, custody, or control that are responsive to, Plaintiff's Post-Judgment Request for Production to Defendant Greystone Home Builders, LLC, in compliance with Federal Rule of Civil Procedure 34(b)'s requirements, *see Lopez*, 327 F.R.D. at 575-79.

Federal Rule of Civil Procedure 37(a)(5) requires, if a motion to compel is granted in part and denied in part, the Court may issue any protective order authorized under Federal Rule of Civil Procedure 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion. *See* FED. R. CIV. P. 37(a)(5)(C). And Bridge Tower requests that the Court order a hearing on the recovery of attorneys' fees by Plaintiff as permitted under Rule 37(a)(5).

But Rule 37(a)(5)(A) also requires that the Court give Defendants Greystone Home Builders, LLC and Sean Tissue an opportunity to be heard as to an award of fees and expenses and provides three exceptions under which the Court must not order payment of the movant's fees and expenses. *See* FED. R. CIV. P. 37(a)(5)(A)(i)-(iii). The Court finds that Bridge Tower filed its motion to compel only after attempting to obtain the responses to the discovery requests without court action.

But the Court will grant Defendants Greystone Home Builders, LLC and Sean Tissue an opportunity to file a response to the request for Rule

37(a)(5) sanctions by **May 20, 2021** and to fully explain whether either of the other two exceptions applies – specifically, whether their failures to respond to the discovery requests were "substantially justified" or whether other circumstances make an award of expenses under Rule 37(a)(5) unjust.

If Defendants Greystone Home Builders, LLC and Sean Tissue file a response, Bridge Tower may, by **June 10, 2021**, file a reply in support of its request for an award under Rule 37(a)(5) of its reasonable attorneys' fees in preparing the motion.

And the Court determines that a hearing on Rule 37(a)(5) is not needed where the "opportunity to be heard" that Rule 37(a)(5) requires may be provided "'either on written submissions or in an oral hearing.'" *T-M Vacuum Prod., Inc. v. Taisc, Inc.*, No. CIV.A. H-07-4108, 2008 WL 5082413, at *5 (S.D. Tex. Nov. 25, 2008) (quoting *Rose v. First Colony Community Servs. Ass'n, Inc.*, 199 F.3d 440, 1999 WL 1068252, at *1 (5th Cir. 1999) ("An oral hearing is not required.")).

Finally, based on the possible implications of Sean Tissue's bankruptcy filing in connection with the Court's previous orders on Rule 37(a)(5) fees, the Court determines that, out of an abundance of caution and to avoid disrupting or duplicating any orders entered by the bankruptcy court, it will not separately order Defendants Greystone Home Builders, LLC, Sycamore Homes, LLC, and Sean Tissue, jointly and severally, to pay Plaintiff Bridge Tower Dallas Five, LLC, as required by Federal Rule of Civil Procedure 37(a)(5)(A), the expenses, including attorneys' fees, that it incurred in drafting and filing its Motion to Compel the Greystone Defendants Responses to Post-Judgment Discovery [Dkt. No. 141]. *See, e.g.*, Dkt. Nos. 152 & 153. And, so, Bridge Tower need not file the application that the Court previously ordered. *See* Dkt. No. 145.

Bridge Tower is ORDERED to cause a copy of this order to be served on Sean Tissue and Greystone Home Builders, LLC and to then file an affidavit of service.

ELECTRONIC ORDER granting 166 Plaintiff's Motion to Amend Order on Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. 165] and amending the Court's 165 Order Granting in Part Second Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment to permit Defendants Sean Tissue and Greystone Home Builders, LLC a 60-day extension to comply with the deadlines and requirements set by that order. Specifically, all of the May 13, 2021 and May 20, 2021 deadlines set in that order are extended to October 4, 2021, and, if Defendants Greystone Home Builders, LLC and Sean Tissue file a response to the request for Federal Rule of Civil Procedure 37(a)(5) sanctions, Plaintiff Bridge Tower Dallas Five LLC may, by October 25, 2021, file a reply in support of its request for an award under Federal Rule of Civil

Procedure 37(a)(5) of its reasonable attorneys' fees in preparing its 160 Motion to Compel Post-Judgment Discovery from Defendants Greystone Home Builders, LLC and Sean Tissue. (Ordered by Magistrate Judge David L. Horan on 8/4/2021.) (Entered: 08/04/2021).

Plaintiff's Motion for Contempt explains:

1. On June 21, 2017, the Court entered an Agreed Judgment [Dkt. 126] against the Greystone Defendants (and a third Defendant not included herein) awarding damages against the Greystone Defendants and in favor of Bridge Tower. Following entry of the Agreed Judgment, Bridge Tower served its first set of post-judgment discovery to the Greystone Defendants in aid of enforcement of judgment. Greystone Defendants did not respond to the post-judgment discovery. On September 14, 2017, Bridge Tower moved to compel Greystone Defendants' responses to its first set of post-judgment discovery [Dkt. 141].

2. On October 17, 2017, the Court entered an Order Granting in Part Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. 143]; however, Sean Tissue (one of the Greystone Defendants) filed for bankruptcy. Bridge Tower's collection efforts were stayed due to Tissue's bankruptcy filing. During the bankruptcy, Tissue stipulated to the non-dischargeability of his debt to Bridge Tower by reason of misrepresentation, fraud, and breach of trust, and a Consent Judgment was entered in the bankruptcy court denying the discharge of the debt made the basis of the Agreed Judgment entered by this Court. Furthermore, upon Motion filed by the bankruptcy Trustee to deny Tissue any discharge, Tissue defaulted, and a discharge was denied.

3. On or about January 12, 2021, Bridge Tower resumed its collection efforts and propounded a second set of post-judgment discovery to Greystone Defendants. Just as they ignored the first set of post-judgment discovery made subject of the first motion to compel, the Greystone Defendants failed to answer Bridge Tower's second set of post-judgment discovery. On March 25, 2021, Bridge Tower moved to compel Greystone Defendants' responses to its second set of post-judgment discovery [Dkt. 160].

4. On April 22, 2021, the Court signed its Order Granting in Part Second Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. 165]. The Order found that Plaintiff properly served post-judgment discovery on the Greystone Defendants [Dkt. 165, p. 6 ¶3]. The Order granted the motion in part and ordered

the Greystone Defendants to respond to Plaintiff's post-judgment discovery on or before May 13, 2021 [Dkt. 165, p.8 ¶4]. The Order permitted the Greystone Defendants to respond by May 20, 2021, as to the issue of sanctions [Dkt. 165, p. 9 ¶2].

5. The Order also ordered Bridge Tower to "cause a copy of this order to be served on Sean Tissue and Greystone Home Builders, LLC and to then file an affidavit of service" [Dkt. 165, p. 10 ¶2]. Due to difficulties in serving the Greystone Defendants, Bridge Tower sought to amend the Court's Order by extending the Greystone Defendants' time to comply with the Order [Dkt. 166] and allow Bridge Tower additional time to properly serve the Greystone Defendants.

6. On August 4, 2021, the Court's Electronic Order [Dkt. 167] extended all of the May 13, 2021, and May 20, 2021, deadlines to October 4, 2021, including granting the Greystone Defendants' the opportunity to file a response to the request for Federal Rule of Civil Procedure 37(a)(5) sanctions to October 4, 2021. On September 19, 2021, Bridge Tower was able to perfect service upon the Greystone Defendants and filed its Proof of Service on September 28, 2021 [Dkt. 168]. As of the filing date of this Motion, neither Bridge Tower nor its attorneys have received any responses to Bridge Tower's second set of post-judgment discovery and failed to file a response to Bridge Tower's request for Federal Rule of Civil Procedure 37(a)(5) sanctions.

....

7. Pursuant to FED. R. CIV. P. 70(e), the Court may hold the Greystone Defendants in contempt for its failure to respond to the post-judgment discovery, the purposes of which was to aid in the enforcement of the Agreed Judgment.

8. The Greystone Defendants' failure to comply with the Order constitutes civil contempt of this Court. Bridge Tower requests that the Greystone Defendants be held in in civil contempt and confined in a jail-type institution until Greystone and Sycamore purge this contempt by fully complying with the Order as it concerns Greystone and Sycamore. *See FDIC v. LeGrand*, 43 F.3d 163, 166 (5th Cir. 1995).

9. Further, the Court determined that a hearing on Rule 37(a)(5) is not needed where the Greystone Defendants were given the opportunity to be heard through written submission. [Dkt 165, p.9, ¶3]. Bridge Tower should be awarded its reasonable and necessary expenses including attorney's fees in the amount of $10,175.66, without a hearing, since the Greystone Defendants have been afforded

every opportunity to respond and have failed to do so. Exhibit A, Affidavit of George A. (Tony) Mallers on Attorneys' Fees.

10. To hold a respondent in civil contempt, it must be established "by clear and convincing evidence that (1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order." *United States v. City of Jackson, Miss.*, 359 F.3d 727, 731 (5th Cir. 2004). "The contemptuous actions need not be willful so long as the contemnor actually failed to comply with the court's order." *American Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000) (citing *NLRB v. Trailways, Inc.*, 729 F.2d 1013, 1017 (5th Cir. 1984)). "[I]n civil contempt proceedings the question is not one of intent but whether the alleged contemnors have complied with the court's order." *Jim Walter Res., Inc. v. International Union, United Mine Workers of Am.*, 609 F.2d 165, 168 (5th Cir. 1980) (internal quotation marks and citations omitted). "Good faith is not a defense to a civil contempt; the question is whether the alleged contemnor complied with the court's order." *Chao v. Transocean Offshore*, 276 F.3d 725, 728 (5th Cir. 2002). In the contempt context, "clear and convincing evidence" is: that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct, weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case. *Security & Exch. Comm'n v. Faulkner*, 2018 WL 888910, at *3-4 (N.D. Tex. Feb. 13, 2018)(Fitzwater, J.) (quoting *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (internal quotation marks omitted) (in turn quoting *In re Medrano*, 956 F.2d 101, 102 (5th Cir. 1992) (adopting in contempt context definition of clear and convincing evidence used in attorney disbarment proceeding)).

….

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that a) its Motion for Contempt Against Defendants Greystone Home Builders, LLC and Sean Tissue be granted, and after proper service under Fed. R. Civ. P. 4.1(b), the Greystone Defendants be held in in civil contempt and confined in a jail-type institution the contempt is purged by fully complying with the Order [Dkt. 165]; b) Bridge Tower be awarded attorneys' fees in the amount of $10,175.66; and c) for such other and further relief to which Bridge Tower may show itself justly entitled to receive in this matter.

Dkt. No. 169 at 1-5.

## Analysis

The undersigned, under 28 U.S.C. § 636(b) and 636(e)(6), now certifies the following facts that, in the undersigned's opinion, show that Greystone Builders, LLC's and Sean Tissue's conduct constitutes civil contempt of the Court's 1) Order Granting in Part Second Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 165], issued on April 22, 2021, and the Court's subsequent 2) Electronic Order [Dkt. No. 167] issued on August 4, 2021 and 3) Order to Appear, Order to Show Cause, and Order Setting Hearing [Dkt. No. 171] entered on December 3, 2021.

The Order Granting in Part Second Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 165] was served on Sean Tissue. *See* Dkt. No. 168. And, at the January 7, 2021 show cause hearing, the Court admitted Plaintiff's Exhibit 1, which is a Notice of Federal Tax Lien reflecting Sean Tissue's residential address as 2535 Ashburn Ct, Rochester MI 48306; Plaintiff's Exhibit 2, which is a Michigan Department of Licensing and Regulatory Affairs document reflecting an address of 2800 Livernois, Bldg D, Suite 220, Troy MI 48083 for Greystone Home Builders, LLC; and Plaintiff's Exhibit 3, which is a a copy of USPS form 3811, Domestic Return Receipt for Certified Mail, showing delivery on December 14, 2021 of, according to Plaintiff's counsel, the Court's show cause order to Sean Tissue at 2800 Livernois, Bldg D, Suite 220, Troy MI 48083. These exhibits further establish Plaintiff's service on Greystone Builders, LLC and Sean Tissue, as the Court required.

As Plaintiff's counsel attested during the January 7, 2021 show cause hearing, both Greystone Builders, LLC and Sean Tissue have, to date, failed to, as required by the Court's 1) Order Granting in Part Second Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 165], issued on April 22, 2021, and subsequent 2) Electronic Order [Dkt. No. 167] issued on August 4, 2021, serve any timely or untimely responses to Bridge Tower's second set of post-judgment discovery. And Plaintiff's counsel attested that neither Sean Tissue nor any other representative of Greystone Builders, LLC has otherwise communicated with Plaintiff's counsel in the recent, relevant timeframe.

The undersigned does not believe that civil contempt sanctions are appropriate as to the portion of the Court's Order Granting in Part Second Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 165] providing that "the Court will grant Defendants Greystone Home Builders, LLC and Sean Tissue an opportunity to file a response to the request for Rule 37(a)(5) sanctions by **May 20, 2021** and to fully explain whether either of the other two exceptions applies – specifically, whether their failures to respond to the discovery requests were 'substantially justified' or whether other circumstances make an award of expenses under Rule 37(a)(5) unjust." Dkt. No. 165 at 9.

Rather, the Court will address Plaintiff's request for an award of expenses under Rule 37(a)(5)(C) by a separate order, based on the undersigned's authority to enter a nondispositive order granting attorneys' fees on a motion to compel under Federal Rule of Civil Procedure 37(a)(5). *See Merritt v. Int'l Bhd. of Boilermakers*,

649 F.2d 1013, 1016-17 (5th Cir. Unit A 1981) (per curiam). And, in connection with the resolution of Plaintiff's Rule 37(a)(5) request for an award of its fees and expenses incurred in filing its Motion to Compel Post-Judgment Discovery from Defendants Greystone Home Builders, LLC and Sean Tissue [Dkt. No. 160], Greystone Home Builders, LLC and Sean Tissue will face the natural consequences of failing to take the opportunity that the Court afforded them to attempt to establish either exception to Rule 37(a)(5)' fee-shifting provisions.

But, based on the facts set forth above, the undersigned finds that there is clear and convincing evidence that Defendants Greystone Builders, LLC and Sean Tissue have, with knowledge of the Order Granting in Part Second Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 165], failed to comply with the Court's definite and specific court order requiring Defendant Sean Tissue to "serve on Plaintiff Bridge Tower Dallas Five, LLC's counsel complete answers – without objections – to the first 25 numbered interrogatories in Plaintiff's Post-Judgment Interrogatories to Defendant Sean Tissue, in compliance with Federal Rule of Civil Procedure 33's requirements"; requiring Defendant Sean Tissue to "serve on Plaintiff Bridge Tower Dallas Five, LLC's counsel complete written responses – without objections – to, and produce all documents and electronically stored information in Sean Tissue's possession, custody, or control that are responsive to, Plaintiff's Post-Judgment Request for Production to Defendant Sean Tissue, in compliance with Federal Rule of Civil Procedure 34(b)'s requirements"; requiring Defendant Greystone Home Builders,

-14-

LLC to "serve on Plaintiff Bridge Tower Dallas Five, LLC's counsel complete answers – without objections – to the first 25 numbered interrogatories in Plaintiff's Post-Judgment Interrogatories to Defendant Greystone Home Builders, in compliance with Federal Rule of Civil Procedure 33's requirements"; and requiring Defendant Greystone Home Builders, LLC to "Greystone Home Builders, LLC must, by May 13, 2021, serve on Plaintiff Bridge Tower Dallas Five, LLC's counsel complete written responses – without objections – to, and produce all documents and electronically stored information in Greystone Home Builders, LLC's possession, custody, or control that are responsive to, Plaintiff's Post-Judgment Request for Production to Defendant Greystone Home Builders, LLC, in compliance with Federal Rule of Civil Procedure 34(b)'s requirements." Dkt. No. 165 at 7-8.

Further, after being served with the Court's December 3, 2021 Order to Appear, Order to Show Cause, and Order Setting Hearing [Dkt. No. 171], Defendants Greystone Home Builders, LLC and Defendant Sean Tissue violated the requirements of that order by failing, as required, to "appear in person before United States Magistrate Judge David L. Horan at the Earle Cabell Federal Courthouse located at 1100 Commerce Street, 15th Floor, Dallas, Texas on Friday, January 7, 2022 at 10:00 a.m. and then and there to show cause why this Court should not hold them in contempt of court by reason of the allegations in Plaintiff's Motion for Contempt and Brief in Support [Dkt. 169]." Dkt. No. 171 at 1-2. And, based on the facts set forth above, the undersigned finds that there is clear and convincing evidence that Defendants Greystone Builders, LLC and Sean Tissue

have, with knowledge of the Order to Appear, Order to Show Cause, and Order Setting Hearing [Dkt. No. 171], failed to comply with the Court's definite and specific court order requiring them to appear in person at the January 7, 2022 show cause hearing.

## Recommendation and Order

Defendants Greystone Builders, LLC and Sean Tissue should be cited to appear before United States District Judge Reed O'Connor on a date that Judge O'Connor will set and show cause why each should not be held in civil contempt for violating this Court's 1) Order Granting in Part Second Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 165], issued on April 22, 2021, and subsequent 2) Electronic Order [Dkt. No. 167] issued on August 4, 2021 as well as the 3) December 3, 2021 Order to Appear, Order to Show Cause, and Order Setting Hearing [Dkt. No. 171] and be subject to appropriate judicial sanctions to coerce compliance with the Court's orders and/or compensate Plaintiff Bridge Tower Dallas Five, LLC for any losses sustained as a result of Defendants Greystone Builders, LLC's and Sean Tissue's conduct and noncompliance, including any attorneys' fee or other expenses that Plaintiff Bridge Tower Dallas Five, LLC has incurred in connection with its Motion for Contempt and Brief in Support [Dkt. No. 169].

Plaintiff Bridge Tower Dallas Five, LLC is ORDERED to cause a copy of these Findings, Conclusions, and Recommendation of the United States Magistrate Judge to be served on Sean Tissue and Greystone Home Builders, LLC and to then

file an affidavit of service.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 1417 (5th Cir. 1996).

DATED: January 7, 2022

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE