IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIDGE TOWER DALLAS FIVE LLC, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:16-cv-585-O |
| GREYSTONE HOME BUILDERS, LLC, SYCAMORE HOMES, LLC, MIKE TAMULEVICH, and SEAN TISSUE, | § § § § § § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER[1]

Plaintiff Bridge Tower Dallas Five, LLC has filed a Motion for Contempt and Brief in Support [Dkt. No. 169], in response to Defendants Greystone Home Builders, LLC's and Sean Tissue's non-compliance with this Court's 1) Order Granting in Part Second Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 165], issued on April 22, 2021, and subsequent 2) Electronic Order [Dkt. No. 167] issued on August 4, 2021.

United States District Judge Reed O'Connor referred Plaintiff's Motion for Contempt and Brief in Support [Dkt. No. 169] and all related filings to the undersigned United States magistrate judge for hearing, if necessary, and

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

determination or recommendation under 28 U.S.C. § 636(b)(1). *See* Dkt. No. 170.

The Court then entered an Order to Appear, Order to Show Cause, and Order Setting Hearing, *see* Dkt. No. 171, in which the Court ordered "that Defendants Greystone Home Builders, LLC and Defendant Sean Tissue appear in person before United States Magistrate Judge David L. Horan at the Earle Cabell Federal Courthouse located at 1100 Commerce Street, 15th Floor, Dallas, Texas on Friday, January 7, 2022 at 10:00 a.m. and then and there to show cause why this Court should not hold them in contempt of court by reason of the allegations in Plaintiff's Motion for Contempt and Brief in Support [Dkt. 169]" and ordered Plaintiff "to cause a copy of this order to be served on Defendants Greystone Home Builders, LLC and Sean Tissue and to then file an affidavit of service," Dkt. No. 171 at 1-2.

Plaintiff's counsel then filed original and supplemental proof of service declarations of a process server who attested that, "[o]n December 7, 2021, I served a copy of the Order Appear, Order to Show Cause, and Order Setting Hearing on defendants Greystone Builders, LLC , and Sean Tissue by forwarding said order to defendant Sean Tissue at 2535 Ashburn Ct, Rochester MI 48306, and at 2800 Livernois, Bldg D, Suite 220, Troy MI 48083 via Certified Mail, Return Receipt Requested, and by Priority First Class Mail, with Certificate of Mailing. USPS forms 3800, Certificate(s) of Mailing, and USPS tracking documents are attached hereto" and that, "[o]n December 7, 2021, I served a copy of the Order Appear, Order to Show Cause, and Order Setting Hearing on defendants Greystone Builders, LLC, and Sean Tissue by forwarding said order to defendants Sean Tissue

-2-

and Greystone Home Builders LLC via email to smtissue@aol.com and sptfund@gmail.com (see attached)" and "have attached a copy of USPS form 3811, Domestic Return Receipt for Certified Mail." Dkt. No. 172 at 1; Dkt. No. 173 at 1; Dkt. No. 174 at 1.

The undersigned held the show cause hearing on January 7, 2022, and Plaintiff's counsel appeared as ordered, but Sean Tissue and a representative of Greystone Builders, LLC did not appear for the hearing as ordered. *See* Dkt. No. 175. And the undersigned then issued findings of fact, conclusions of law, and recommendation on Plaintiff's Motion for Contempt and Brief in Support [Dkt. No. 169] and, under 28 U.S.C. § 636(e)(6), certified facts that, in the undersigned's opinion, show that Greystone Builders, LLC's and Sean Tissue's conduct and noncompliance constitutes a violation of the Court's 1) Order Granting in Part Second Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 165], issued on April 22, 2021, and subsequent 2) Electronic Order [Dkt. No. 167] issued on August 4, 2021 and 3) Order to Appear, Order to Show Cause, and Order Setting Hearing [Dkt. No. 171] entered on December 3, 2021, for which Sean Tissue, individually, and Greystone Builders, LLC should be cited to appear before Judge O'Connor and show cause why Greystone Builders, LLC and Sean Tissue should not be held in civil contempt and be subject to appropriate judicial sanctions.

The Court will now, by this separate order, address Plaintiff's request for an award of expenses under Federal Rule of Civil Procedure 37(a)(5)(C) to reimburse

Plaintiff Bridge Tower Dallas Five, LLC for its reasonable attorneys' fees incurred in drafting and filing and prosecuting its Motion to Compel Post-Judgment Discovery from Defendants Greystone Home Builders, LLC and Sean Tissue [Dkt. No. 160], based on the undersigned's authority to enter a nondispositive order granting attorneys' fees on a motion to compel under Federal Rule of Civil Procedure 37(a)(5). *See Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A 1981) (per curiam).

## Background

The Court's Order Granting in Part Second Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 165], issued on April 22, 2021, and the Court's subsequent Electronic Order [Dkt. No. 167] issued on August 4, 2021 provide, in relevant part:

> The Court GRANTS IN PART Bridge Tower's Motion to Compel Post-Judgment Discovery from Defendants Greystone Home Builders, LLC and Sean Tissue [Dkt. No. 160] and ORDERS that:
> - Sean Tissue must, by **May 13, 2021**, serve on Plaintiff Bridge Tower Dallas Five, LLC's counsel complete answers – without objections – to the first 25 numbered interrogatories in Plaintiff's Post-Judgment Interrogatories to Defendant Sean Tissue, in compliance with Federal Rule of Civil Procedure 33's requirements, *see Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 579-81 (N.D. Tex. 2018);
> - Sean Tissue must, by **May 13, 2021**, serve on Plaintiff Bridge Tower Dallas Five, LLC's counsel complete written responses – without objections – to, and produce all documents and electronically stored information in Sean Tissue's possession, custody, or control that are responsive to, Plaintiff's Post-Judgment Request for Production to Defendant Sean Tissue, in compliance with Federal Rule of Civil Procedure 34(b)'s requirements, *see Lopez*, 327 F.R.D. at 575-79;
> - Greystone Home Builders, LLC must, by **May 13, 2021**, serve on Plaintiff Bridge Tower Dallas Five, LLC's counsel complete answers – without objections – to the first 25 numbered interrogatories in Plaintiff's Post-Judgment Interrogatories to Defendant Greystone

> Home Builders, in compliance with Federal Rule of Civil Procedure 33's requirements, *see Lopez*, 327 F.R.D. at 579-81; and
- Greystone Home Builders, LLC must, by **May 13, 2021**, serve on Plaintiff Bridge Tower Dallas Five, LLC's counsel complete written responses – without objections – to, and produce all documents and electronically stored information in Greystone Home Builders, LLC's possession, custody, or control that are responsive to, Plaintiff's Post-Judgment Request for Production to Defendant Greystone Home Builders, LLC, in compliance with Federal Rule of Civil Procedure 34(b)'s requirements, *see Lopez*, 327 F.R.D. at 575-79.

Federal Rule of Civil Procedure 37(a)(5) requires, if a motion to compel is granted in part and denied in part, the Court may issue any protective order authorized under Federal Rule of Civil Procedure 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion. *See* FED. R. CIV. P. 37(a)(5)(C). And Bridge Tower requests that the Court order a hearing on the recovery of attorneys' fees by Plaintiff as permitted under Rule 37(a)(5).

But Rule 37(a)(5)(A) also requires that the Court give Defendants Greystone Home Builders, LLC and Sean Tissue an opportunity to be heard as to an award of fees and expenses and provides three exceptions under which the Court must not order payment of the movant's fees and expenses. *See* FED. R. CIV. P. 37(a)(5)(A)(i)-(iii). The Court finds that Bridge Tower filed its motion to compel only after attempting to obtain the responses to the discovery requests without court action.

But the Court will grant Defendants Greystone Home Builders, LLC and Sean Tissue an opportunity to file a response to the request for Rule 37(a)(5) sanctions by **May 20, 2021** and to fully explain whether either of the other two exceptions applies – specifically, whether their failures to respond to the discovery requests were "substantially justified" or whether other circumstances make an award of expenses under Rule 37(a)(5) unjust.

If Defendants Greystone Home Builders, LLC and Sean Tissue file a response, Bridge Tower may, by **June 10, 2021**, file a reply in support of its request for an award under Rule 37(a)(5) of its reasonable attorneys' fees in preparing the motion.

And the Court determines that a hearing on Rule 37(a)(5) is not needed where the "opportunity to be heard" that Rule 37(a)(5) requires may be provided "'either on written submissions or in an oral hearing.'" *T-M Vacuum Prod., Inc. v. Taisc, Inc.*, No. CIV.A. H-07-4108, 2008 WL 5082413, at *5 (S.D. Tex. Nov. 25, 2008) (quoting *Rose v. First Colony Community Servs. Ass'n, Inc.*, 199 F.3d 440, 1999 WL 1068252, at *1 (5th Cir. 1999) ("An oral hearing is not required.")).

Finally, based on the possible implications of Sean Tissue's bankruptcy filing in connection with the Court's previous orders on Rule 37(a)(5) fees, the Court determines that, out of an abundance of caution and to avoid

disrupting or duplicating any orders entered by the bankruptcy court, it will not separately order Defendants Greystone Home Builders, LLC, Sycamore Homes, LLC, and Sean Tissue, jointly and severally, to pay Plaintiff Bridge Tower Dallas Five, LLC, as required by Federal Rule of Civil Procedure 37(a)(5)(A), the expenses, including attorneys' fees, that it incurred in drafting and filing its Motion to Compel the Greystone Defendants Responses to Post-Judgment Discovery [Dkt. No. 141]. *See, e.g.*, Dkt. Nos. 152 & 153. And, so, Bridge Tower need not file the application that the Court previously ordered. *See* Dkt. No. 145.

Bridge Tower is ORDERED to cause a copy of this order to be served on Sean Tissue and Greystone Home Builders, LLC and to then file an affidavit of service.

ELECTRONIC ORDER granting 166 Plaintiff's Motion to Amend Order on Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. 165] and amending the Court's 165 Order Granting in Part Second Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment to permit Defendants Sean Tissue and Greystone Home Builders, LLC a 60-day extension to comply with the deadlines and requirements set by that order. Specifically, all of the May 13, 2021 and May 20, 2021 deadlines set in that order are extended to October 4, 2021, and, if Defendants Greystone Home Builders, LLC and Sean Tissue file a response to the request for Federal Rule of Civil Procedure 37(a)(5) sanctions, Plaintiff Bridge Tower Dallas Five LLC may, by October 25, 2021, file a reply in support of its request for an award under Federal Rule of Civil Procedure 37(a)(5) of its reasonable attorneys' fees in preparing its 160 Motion to Compel Post-Judgment Discovery from Defendants Greystone Home Builders, LLC and Sean Tissue. (Ordered by Magistrate Judge David L. Horan on 8/4/2021.) (Entered: 08/04/2021).

Plaintiff's Motion for Contempt explains:

1. On June 21, 2017, the Court entered an Agreed Judgment [Dkt. 126] against the Greystone Defendants (and a third Defendant not included herein) awarding damages against the Greystone Defendants and in favor of Bridge Tower. Following entry of the Agreed Judgment, Bridge Tower served its first set of post-judgment discovery to the Greystone Defendants in aid of enforcement of judgment. Greystone Defendants did not respond to the post-judgment discovery. On September 14, 2017, Bridge Tower moved to compel Greystone Defendants' responses to its first set of post-judgment discovery [Dkt. 141].

2. On October 17, 2017, the Court entered an Order Granting in

Part Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. 143]; however, Sean Tissue (one of the Greystone Defendants) filed for bankruptcy. Bridge Tower's collection efforts were stayed due to Tissue's bankruptcy filing. During the bankruptcy, Tissue stipulated to the non-dischargeability of his debt to Bridge Tower by reason of misrepresentation, fraud, and breach of trust, and a Consent Judgment was entered in the bankruptcy court denying the discharge of the debt made the basis of the Agreed Judgment entered by this Court. Furthermore, upon Motion filed by the bankruptcy Trustee to deny Tissue any discharge, Tissue defaulted, and a discharge was denied.

3. On or about January 12, 2021, Bridge Tower resumed its collection efforts and propounded a second set of post-judgment discovery to Greystone Defendants. Just as they ignored the first set of post-judgment discovery made subject of the first motion to compel, the Greystone Defendants failed to answer Bridge Tower's second set of post-judgment discovery. On March 25, 2021, Bridge Tower moved to compel Greystone Defendants' responses to its second set of post-judgment discovery [Dkt. 160].

4. On April 22, 2021, the Court signed its Order Granting in Part Second Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. 165]. The Order found that Plaintiff properly served post-judgment discovery on the Greystone Defendants [Dkt. 165, p. 6 ¶3]. The Order granted the motion in part and ordered the Greystone Defendants to respond to Plaintiff's post-judgment discovery on or before May 13, 2021 [Dkt. 165, p.8 ¶4]. The Order permitted the Greystone Defendants to respond by May 20, 2021, as to the issue of sanctions [Dkt. 165, p. 9 ¶2].

5. The Order also ordered Bridge Tower to "cause a copy of this order to be served on Sean Tissue and Greystone Home Builders, LLC and to then file an affidavit of service" [Dkt. 165, p. 10 ¶2]. Due to difficulties in serving the Greystone Defendants, Bridge Tower sought to amend the Court's Order by extending the Greystone Defendants' time to comply with the Order [Dkt. 166] and allow Bridge Tower additional time to properly serve the Greystone Defendants.

6. On August 4, 2021, the Court's Electronic Order [Dkt. 167] extended all of the May 13, 2021, and May 20, 2021, deadlines to October 4, 2021, including granting the Greystone Defendants' the opportunity to file a response to the request for Federal Rule of Civil Procedure 37(a)(5) sanctions to October 4, 2021. On September 19, 2021, Bridge Tower was able to perfect service upon the Greystone

Defendants and filed its Proof of Service on September 28, 2021 [Dkt. 168]. As of the filing date of this Motion, neither Bridge Tower nor its attorneys have received any responses to Bridge Tower's second set of post-judgment discovery and failed to file a response to Bridge Tower's request for Federal Rule of Civil Procedure 37(a)(5) sanctions.

….

7. Pursuant to FED. R. CIV. P. 70(e), the Court may hold the Greystone Defendants in contempt for its failure to respond to the post-judgment discovery, the purposes of which was to aid in the enforcement of the Agreed Judgment.

8. The Greystone Defendants' failure to comply with the Order constitutes civil contempt of this Court. Bridge Tower requests that the Greystone Defendants be held in in civil contempt and confined in a jail-type institution until Greystone and Sycamore purge this contempt by fully complying with the Order as it concerns Greystone and Sycamore. *See FDIC v. LeGrand*, 43 F.3d 163, 166 (5th Cir. 1995).

9. Further, the Court determined that a hearing on Rule 37(a)(5) is not needed where the Greystone Defendants were given the opportunity to be heard through written submission. [Dkt 165, p.9, ¶3]. Bridge Tower should be awarded its reasonable and necessary expenses including attorney's fees in the amount of $10,175.66, without a hearing, since the Greystone Defendants have been afforded every opportunity to respond and have failed to do so. Exhibit A, Affidavit of George A. (Tony) Mallers on Attorneys' Fees.

10. To hold a respondent in civil contempt, it must be established "by clear and convincing evidence that (1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order." *United States v. City of Jackson, Miss.*, 359 F.3d 727, 731 (5th Cir. 2004). "The contemptuous actions need not be willful so long as the contemnor actually failed to comply with the court's order." *American Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000) (citing *NLRB v. Trailways, Inc.*, 729 F.2d 1013, 1017 (5th Cir. 1984)). "[I]n civil contempt proceedings the question is not one of intent but whether the alleged contemnors have complied with the court's order." *Jim Walter Res., Inc. v. International Union, United Mine Workers of Am.*, 609 F.2d 165, 168 (5th Cir. 1980) (internal quotation marks and citations omitted). "Good faith is not a defense to a civil contempt; the question is whether the alleged contemnor complied with the court's order." *Chao v. Transocean Offshore*, 276

F.3d 725, 728 (5th Cir. 2002). In the contempt context, "clear and convincing evidence" is: that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct, weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case. *Security & Exch. Comm'n v. Faulkner*, 2018 WL 888910, at *3-4 (N.D. Tex. Feb. 13, 2018)(Fitzwater, J.) (quoting *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (internal quotation marks omitted) (in turn quoting *In re Medrano*, 956 F.2d 101, 102 (5th Cir. 1992) (adopting in contempt context definition of clear and convincing evidence used in attorney disbarment proceeding)).

….

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that a) its Motion for Contempt Against Defendants Greystone Home Builders, LLC and Sean Tissue be granted, and after proper service under Fed. R. Civ. P. 4.1(b), the Greystone Defendants be held in in civil contempt and confined in a jail-type institution the contempt is purged by fully complying with the Order [Dkt. 165]; b) Bridge Tower be awarded attorneys' fees in the amount of $10,175.66; and c) for such other and further relief to which Bridge Tower may show itself justly entitled to receive in this matter.

Dkt. No. 169 at 1-5.

**Legal Standards**

Federal Rule of Civil Procedure 37(a)(5) requires, if a motion to compel is granted in part and denied in part, the Court may issue any protective order authorized under Federal Rule of Civil Procedure 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion. *See* FED. R. CIV. P. 37(a)(5)(C). But Rule 37(a)(5)(A) also requires that the Court give Defendants Greystone Home Builders, LLC and Sean Tissue an opportunity to be heard as to an award of fees and expenses and provides three exceptions under which the Court must not order payment of the movant's fees and expenses. *See*

FED. R. CIV. P. 37(a)(5)(A)(i)-(iii).

Where an award is appropriate, "[r]easonable attorneys' fees are determined through a two-step process." *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, ___ F.4th ___, No. 20-40357, 2022 WL 92773, at *3 (5th Cir. Jan. 10, 2022) (footnote omitted).

"The district court must first calculate the lodestar – the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* (cleaned up). "The parties seeking reimbursement of attorneys' fees bear the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.*

The hours remaining are those reasonably expended, and "[t]he lodestar is presumed reasonable." *Fessler*, 2022 WL 92773, at *3 (footnote omitted). But, as a second step, "after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors set forth in [*Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974)]." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457. And, "once calculated, the party seeking modification of the lodestar under the *Johnson* factors bears the burden." *Fessler*, 2022 WL 92773, at

*3.

## Analysis

For purposes of Rule 37(a)(5)(A)(i)-(iii), the Court already found that Plaintiff filed its motion to compel only after attempting to obtain the responses to the post-judgment discovery requests without court action. And the Court granted Defendants Greystone Home Builders, LLC and Sean Tissue an opportunity to file a response to the request for Rule 37(a)(5) sanctions and to fully explain whether either of the other two exceptions applies – specifically, whether their failures to respond to the discovery requests were "substantially justified" or whether other circumstances make an award of expenses under Rule 37(a)(5) unjust.

Defendants Greystone Home Builders, LLC and Sean Tissue have failed to do so and – after being served with the Motion for Contempt, which includes Plaintiff's attorneys' fee application – have failed to filed any response.

And the Court finds, for the reasons explained in the Order Granting in Part Second Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 165], that Defendants Greystone Home Builders, LLC's and Sean Tissue's failures to respond to post-judgment discovery requests were not substantially justified and that no other circumstances make a Rule 37(a)(5)(C) award of attorneys' fees unjust.

The Court orders, under Federal Rule of Civil Procedure 37(a)(5)(C), that Defendants Greystone Home Builders, LLC and Sean Tissue are required, jointly and severally, to reimburse Plaintiff Bridge Tower Dallas Five, LLC for its

reasonable attorneys' fees incurred in drafting and filing and prosecuting its Motion to Compel Post-Judgment Discovery from Defendants Greystone Home Builders, LLC and Sean Tissue [Dkt. No. 160] – but not for drafting and serving the discovery requests themselves or fees incurred after April 22, 2021, the date on which the Court issued the Order Granting in Part Second Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 165].

In its Motion for Contempt, Plaintiff requests an order awarding Bridge Tower its attorneys' fees in the amount of $10,175.66. But those fees are not limited to the fees incurred in connection with the motion to compel as outlined above.

Plaintiff's fee request is supported by, and discussed in further detail in, the Affidavit of George A. (Tony) Mallers. *See* Dkt. No. 169-1. That affidavit lays out the billing rates for the two attorneys and one paralegal who worked on Bridge Tower's Motion to Compel Post-Judgment Discovery from Defendants Greystone Home Builders, LLC and Sean Tissue [Dkt. No. 160] and includes detailed invoices laying out the required time entries.

Based on the Court's review of those materials, the Court determines that Plaintiff is entitled to recover fees for a total of 17.9 hours of work performed in March 2021 and April 2021 by attorneys George A. (Tony) Mallers (at an hourly rate of $375) and Gracen M. Daniel (at an hourly rate of $235) and paralegal Trechelle Andersen (at an hourly rate of $150).

First, the billing statements attached to the Affidavit of George A. (Tony) Mallers substantiates that Plaintiff was charged $3,907.00 for these three legal

professionals' time in March and April 2021 in connection with the motion to compel, which the Court finds to have been reasonably spent on tasks necessary to draft and file and prosecute the successful motion and to obtain the relief that Plaintiff requested and obtained. *See* Dkt. No. 169-1 at 10-14 at 27.

Second, considering these professionals' experience and the local market rates, the Court finds that their respective requested hourly rates are all reasonable. *See* Dkt. No. 169-1 at 1-2 of 27. The rates charged by both attorneys and the hourly rate charged by Ms. Andersen are consistent with or below Dallas area market rates for attorneys and paralegals with similar experience, skill, and ability handling this type of litigation. *See generally Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees).

And the Affidavit of George A. (Tony) Mallers adequately reflects the required billing judgment, including reflecting that most of the hours spent on the motion were performed by the professionals with the lowest billing rates.

Accordingly, based on the Affidavit of George A. (Tony) Mallers and the supporting documents, the Court finds the appropriate lodestar here to be calculated as a total fee of $3,907.00 for a total of 17.9 hours of work consisting of 1) 2.9 hours by attorney George A. (Tony) Mallers at an hourly rate of $375, for total of $1,087.00; 2) 6.7 hours by attorney Gracen M. Daniel at an hourly rate of $235, for total of $1,574.50; and 3) 8.3 hours by paralegal Trechelle Andersen at an hourly rate of $150, for total of $1,245.00.

Plaintiff does not seek an enhancement of the attorneys' fees, and there are no other exceptional circumstances. The undersigned has considered the *Johnson* factors and finds that none of them weigh in favor of modifying the lodestar.

## Conclusion

For the reasons explained above, the Court orders, under Federal Rule of Civil Procedure 37(a)(5)(C), that Defendants Greystone Home Builders, LLC and Sean Tissue are required, jointly and severally, to, by **March 31, 2022**, reimburse Plaintiff Bridge Tower Dallas Five, LLC the total amount of $3,907.00 for its reasonable attorneys' fees incurred in drafting and filing and prosecuting its Motion to Compel Post-Judgment Discovery from Defendants Greystone Home Builders, LLC and Sean Tissue [Dkt. No. 160].

Plaintiff Bridge Tower Dallas Five, LLC is ORDERED to cause a copy of this Memorandum Opinion and Order to be served on Sean Tissue and Greystone Home Builders, LLC and to then file an affidavit of service.

SO ORDERED.

DATED: January 24, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE