IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| BRIDGE TOWER DALLAS FIVE LLC, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:16-cv-585-O |
| GREYSTONE HOME BUILDERS, LLC, SYCAMORE HOMES, LLC, MIKE TAMULEVICH, and SEAN TISSUE, | § § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Bridge Tower Dallas Five, LLC filed a Motion for Contempt [Dkt. No. 169], in response to Defendants Greystone Home Builders, LLC's and Sean Tissue's non-compliance with this Court's 1) Order Granting in Part Second Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 165], issued on April 22, 2021, and subsequent 2) Electronic Order [Dkt. No. 167] issued on August 4, 2021.

After a hearing, United States District Judge Reed O'Connor entered an Order that provides as follows:

> The Court finds that Bridge Tower's Motion for Contempt should be and is hereby GRANTED. The Court HOLDS Greystone Builders, LLC and Sean Tissue in civil contempt of court. Accordingly, the Court ISSUES a bench warrant for Sean Tissue's arrest. The Marshal SHALL arrest Tissue as soon as reasonably practicable and hold him in custody until Tissue has complied with this Court's orders.
> ....

"[T]he district court has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005). But "[i]n selecting the appropriate contempt sanction, 'a court is obliged to use the least possible power adequate to the end proposed.'" *Allstate Settlement Corp. v. Doucette*, No. H-15-1130, 2016 WL 3346531, at \*3 (S.D. Tex. June 16, 2016) (quoting *Spallone v. United States*, 493 U.S. 265, 276 (1990)). Moreover, because civil contempt sanctions "are considered to be coercive and avoidable through obedience," *Bagwell*, 512 U.S. at 827, the respondent should be able to "avoid the sanctions by promptly complying with the court's order," *Smith*, 2018 WL 4524123, at \*7 (internal citation omitted).

....

The Court HOLDS Greystone Builders, LLC and Sean Tissue in civil contempt of court for failing to comply with the Orders (ECF No. 165, 167). Because the Court sees no other avenue to achieve compliance with these orders, it ISSUES a bench warrant for Sean Tissue's arrest. The United States Marshal's Office (the "Marshal") SHALL arrest Tissue as soon as reasonably practicable and hold him in custody until Tissue has complied with this Court's orders.

"In carrying out this order, the United States Marshals and other officers of the United States are authorized to use whatever force is reasonably necessary in order to arrest and restrain [Tissue], and may do so at any hour of the day or night and on any day of the week." *In re Norris*, 192 B.R. 863, 877 (Bankr. W.D. La. 1995), *aff'd*, 114 F.3d 1182 (5th Cir. 1997). Reasonable force may include forced entry into Tissue's home should he refuse to comply with Marshal's authority pursuant to this arrest warrant. Upon arresting Tissue, the Marshal SHALL bring Tissue before the nearest United States Magistrate Judge. The Magistrate Judge SHALL identify Tissue as the individual subject to arrest for civil contempt. After the Magistrate Judge has confirmed Tissue's identity, the Marshal SHALL bring Tissue to the Northern District of Texas, where he shall remain until his compliance with this Court's orders.

Dkt. No. 184 at 1-6.

Defendants later retained counsel and then filed their Emergency Motion to Vacate Order for Contempt, *see* Dkt. No. 190, in which they explained:

1. Defendants GREYSTONE HOME BUILDERS, LLC and SEAN TISSUE are filing this motion on an emergency basis because as of the filing of this Motion, Defendant SEAN TISSUE is being detained

in the Eastern District of Michigan due to the June 17, 2022 Order for Contempt in this matter. Defendants dispute the adequacy of the service of both the discovery requests at issue in this matter, and the orders and notices of the contempt proceedings. Regardless, Defendants have, as best they can considering Defendant TISSUE is presently incarcerated in Michigan, purged themselves of contempt by providing responses to Plaintiff's post-judgment discovery responses. Accordingly, this Court should vacate the June 17, 2022 Order for Contempt to allow Defendant TISSUE to continue providing answers to discovery.

2. On June 17, 2022, Defendants GREYSTONE HOME BUILDERS, LLC and SEAN TISSUE have been found in contempt of court for failing to respond to post-judgment discovery which they first received from their counsel on July 13, 2022. Because Defendants were not properly served with the discovery requests, or the Order to Appear, Order to Show Cause, and Order Setting Hearing, Defendants request that this Court vacate the June 17, 2022 Order for Contempt.

3. 3. On June 21, 2017, the Court entered an Agreed Judgment (Dkt. No. 126) against the Defendants GREYSTONE HOME BUILDERS, LLC and SEAN TISSUE (hereinafter collectively referred to as "Defendants"). Plaintiff served Defendants two sets of postjudgment discovery, and this Court entered two (2) Orders Compelling Post-Judgment discovery on October 17, 2017, and April 22, 2021, respectively.

4. On November 9, 2021, Plaintiff filed a Motion for Contempt as to Defendants GREYSTONE HOME BUILDERS, LLC and SEAN TISSUE, alleging that Defendants had failed to respond to its second set of post-judgment discovery. [Dkt. No. 169].

5. The Court issued an Order to Appear, Order to Show Cause, and Order Setting Hearing that Plaintiff was instructed to serve upon Defendants. On December 23, 2021 and December 27, 2021, Plaintiff filed two "proof[s] of service," [Dkt. Nos. 172, 173] and a supplemental affidavit of service [Dkt. No. 174] claiming that Defendants had been properly served by first class and certified mail and ostensibly via email. However, no definitive proof of service is apparent from these filings.

6. On June 17, 2022, this Court entered an Order for Contempt as to Defendants GREYSTONE HOME BUILDERS, LLC and SEAN TISSUE based on Defendants' purported failure to comply with the Court's Orders to respond to Plaintiff's postjudgment discovery

requests, and failure to appear at the contempt hearing [Dkt. 184].
[Mr. Tissue avers that Defendants never received these post-judgment
discovery requests, and upon examination of the docket, it is difficult
to ascertain whether or not Plaintiff properly served these documents
on Defendants.]

7. Additionally, the Orders were sent to two (2) email addresses
purportedly belonging to Tissue, but there is no indication that these
email addresses are correct, or that the emails were read. *See* Dkt. No.
174. Specifically, the email addresses served were smtissue@aol.com
and sptfund@gmail.com. *Id.* Defendant TISSUE avers that while these
email addresses were used by Defendant TISSUE for a time, they are
no longer current and are no longer regularly checked or used by
Defendants.

8. On July 13, 2022, Defendants found out about the orders
issued by this Court and after further investigation immediately
retained the undersigned counsel to address the matter. Defendants'
counsel immediately contacted Plaintiff's counsel, who forwarded the
unanswered discovery that was the subject matter of the contempt
order.

9. After retaining counsel, Defendants immediately began
attempting to respond to the discovery that was the basis of the
contempt order. Defendants produced their initial documents on July
17, 2022 via email. A true and correct copy of an Excel spreadsheet
detailing Defendants' document production and the transmittal email
is attached hereto as Exhibit "A" and incorporated herein by reference.
As of the filing of this motion, Defendants have produced one hundred
sixty-two (162) pages of documents. *See* Exhibit A.

10. However, on August 5, 2022, Defendant SEAN TISSUE was
arrested in the Eastern District of Michigan. Upon information and
belief, TISSUE is being held without bail on the basis of the contempt
order in this matter. Because of his incarceration, TISSUE is unable to
finish providing his counsel with the remaining documents and
interrogatory answers that would purge Defendants of contempt.

11. Further, in addition to the document requests that were
allegedly served on Defendants, there were fifty (50) interrogatories
allegedly served upon Defendants as well. Defendants have procured
answers as best he can to the interrogatories given his state of
incarceration and those answers have been served upon opposing
counsel.

12. Finally, Defendant TISSUE also suffers from a number of serious and life-threatening physical issues that are exacerbated by incarceration. Those conditions are vascular malformation of the brain (which leaves Defendant TISSUE susceptible to clotting, hemorrhaging, strokes, etc.), mast cell activation disease (Defendant TISSUE is allergic to a number of common items, including medicine, ordinary food, cleaning supplies, ordinary material (like a fleece) which leaves him susceptible to anaphylactic shock), and a neurogenic bowel (a condition where the bowel and the brain do not communicate so his bowel does not properly evacuate). As a result, Defendant TISSUE has not been able to eat or defecate for the last seven (7) days. Defendant TISSUE is under the care of a private physician , Dr. Sarah Wilson, in Troy, Michigan and without proper care faces a life-threatening situation.

ARGUMENTS AND AUTHORITIES

13. Both federal case law and Texas case law provide stringent procedural safeguards to ensure a contemnor receives adequate due process when faced with incarceration. In general, due process requires "that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses." *Waste Mgmt. of Wash. v. Kattler*, 776 F.3d 336, 339-40 (5th Cir. 2015). "Adequate notice typically takes the form of a show-cause order and a notice of hearing identifying each litigant who might be held in contempt." *Test Masters Educ. Servs. v. Robin Singh Educ. Servs.*, 799 F.3d 437, 456 (5th Cir. 2015).

14. Moreover, while not controlling, Texas courts require personal service of a show cause order on an alleged contemnor. Specifically, the Texas Supreme Court has stated that "[i]n a case involving conduct outside the presence of the court, due process requires that the alleged contemnor receive full and unambiguous notification of the accusation of any contempt. This notice should be by show cause order or equivalent legal process personally served on the alleged contemnor, and it should state when, how and by what means the defendant has been guilty of contempt." *Ex parte Vetterick*, 744 S.W.2d 598, 599 (Tex. 1988). "It is a denial of due process to commit a person to prison for contempt who is not shown to be avoiding deliberately the service of process, and who has had no personal notice or knowledge of the show-cause hearing at which he was held in contempt." *Ex parte Herring*, 438 S.W.2d 801, 803 (Tex. 1969).

15. It is impossible to conclude from the filings in this matter that Mr. Tissue was served and had proper notice of the contempt proceedings against him. The proofs of services on file show that the movant sent an Order to Appear, Order to Show Cause, and Order Setting hearing to two (2) different addresses where TISSUE allegedly resided. *See* Dkt. Nos. 172-173. The tracking reports attached only show that the mailings were "Delivered, and Left with an Individual," but the first two proofs of services do not include a signature to indicate that they were delivered TISSUE. *Id.* The supplemental affidavit of service includes a green card, but the signature is illegible. *See* Dkt. No. 174. Additionally, the Orders were sent to two (2) email addresses purportedly belonging to Tissue, but there is no indication that these email addresses are correct, or that the emails were read. *Id.* Specifically, the email addresses served were smtissue@aol.com and sptfund@gmail.com. While these email addresses were used by Defendant TISSUE for a time, they are no longer current and are no longer regularly checked or used by Defendants. Simply put, there is nothing before the Northern District of Texas that definitively proves that SEAN TISSUE had actual notice of the contempt proceedings.

16. Moreover, even if the discovery requests and the notice of hearing were properly served, Defendants are unable to purge themselves of contempt due to Defendant TISSUE's arrest on August 5, 2022. Defendants have made substantial efforts to comply with their discovery obligations in this matter, and were nearly complete in providing full responses to the requests for production and interrogatories. *See* Exhibit A.

17. The Marshall Service for the Eastern District of Michigan is holding Defendant TISSUE because of the Order for Contempt in this matter, and it is Defendant TISSUE's incarceration that is preventing Defendants from fully complying with the Court's order compelling Defendants' discovery requests.

18. Defendant TISSUE has produced all of the requested documents that were in his possession as of July 17. There are documents requested that have not been produced and those documents, if they exist, are in the possession of third parties – in particular, the accounting service used by Defendant TISSUE for these entities. However, the accountant that owns the accounting services has retired, so an effort must be made to find him and see what documents still exist. Otherwise, all documents in Defendant TISSUE's possession have been produced.

19. Because Plaintiff has not shown that Defendants were

properly served and afforded adequate due process, because Defendant Tissue has done all he can to comply with the orders of this court despite his incarceration; and because Defendant TISSUE is being held by the Federal Marshals in Michigan because of this Court's Order for Contempt, Defendants respectfully request that this Court vacate the Order for Contempt as to Defendants GREYSTONE HOME BUILDERS, LLC and SEAN TISSUE, so that Defendant TISSUE can be released and finish providing Defendants' discovery responses so that the Defendants may be purged of contempt.

Dkt. No. 190 at 1-7 (footnote omitted).

Plaintiff filed a response, *see* Dkt. No. 192, and argued:

1. Since this Court entered an Agreed Judgment [Dkt. 126] against Defendants awarding damages in favor of Plaintiff on June 21, 2017, the focus of this litigation has been on Plaintiff's attempt to obtain post-judgment discovery from Defendants for over five (5) years through Plaintiff's predecessor counsel and current counsel. The lengthy history of Plaintiff's attempt to obtain post-judgment discovery from Defendants is well-documented by this Court. On January 12, 2021, Plaintiff propounded a second set of post-judgment discovery requests, which is the subject of this Court's order finding Defendants in civil contempt on June 17, 2022 [Dkt. 184] that Defendants are now seeking to vacate.

2. This Court should deny the Defendants' Verified Emergency Motion to Vacate Order for Contempt ("Motion to Vacate") [Dkt. 190]. Plaintiff provided the Defendants with due process by mailing the show cause orders issued in this litigation to Defendants' last known mailing addresses.

3. In addition, Defendants have not fully purged themselves of contempt in fully responding to the second set of post-judgment discovery and Plaintiff believes that Defendant Tissue (hereinafter "Tissue") is still conducting business, including real estate transactions in Texas, and has undisclosed assets that would satisfy Plaintiff's judgment. Tissue's release from custody as requested, without his appearance before this Court and paying a sufficient bond, would provide Plaintiff no relief should Tissue continue his clear pattern of evasion of the authority of this Court.

…

A. The Court found that Defendants were served with the second set of

Post-Judgment Discovery Requests.

4. On April 22, 2021, the Court signed its Order Granting in Part Second Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. 165]. The Order found that a) Plaintiff properly served post-judgment discovery on Defendants; b) ordered Defendants to respond to specific discovery requests on or before May 13, 2021; c) ordered Defendants to respond to the issue of sanctions by May 20, 2021; and d) ordered Plaintiff to "cause a copy of this order to be served on Sean Tissue and Greystone Home Builders, LLC and to then file an affidavit of service" [Dkt. 165]. Due to Plaintiff's difficulty in locating and serving Defendants, on August 4, 2021, the Court's Electronic Order extended the previously ordered deadlines to October 4, 2021 [Dkt. 167].

B. Plaintiff served Defendants with the required documents as related to Plaintiff's Second Motion to Compel Post-Judgment Discovery to Aid in Enforcement.

5. On September 19, 2021, Plaintiff was able to perfect service upon Defendants by affixing to the front door of Tissue's address of record – 2535 Ashburn Court, Rochester, MI 48306 – the following documents: Plaintiff's Motion to Compel Post-Judgment Discovery from Defendants Greystone Home Builders, LLC and Sean Tissue and Brief in Support, Appendix to Plaintiff's Brief in Motion to Compel Post-Judgment Discovery from Defendants Greystone Home Builders, LLC and Sean Tissue, the Post-Judgment Discovery Requests, and Order Granting in Part Second Motion to Compel Post-Judgment Discovery to Aid Enforcement of Judgment [Dkt. 168]. Plaintiff then filed its Proof of Service on September 28, 2021 [Dkt. 168]

C. Plaintiff served Defendants the Court's Show Cause Order related to Plaintiff's Motion for Contempt [Dkt. 169] and Plaintiff served Defendants the Court's Show Cause Order related to the Court's Findings, Conclusions, and Recommendations[Dkt. 176].

6. On November 9, 2021, Plaintiff filed a Motion for Contempt due to Defendants' failure to respond to the Post-Judgment Discovery Requests and Plaintiff's request for FED. R. CIV. P. 37 (a)(5) sanctions [Dkt. 169]. On December 3, 2021, the Court issued an Order to Appear, Order to Show Cause, and Order Setting Hearing ("First Show Cause Order") requiring Defendants to appear and show cause why they should not be held in contempt of court by reason of the allegations in the Motion for Contempt [Dkt. 171]. The First Show Cause Order required Plaintiff to serve a copy of the Order on Defendants. On

December 7, 2021, Plaintiff served a copy of the Order on Defendants by certified mail, return receipt requested and priority first class on Defendants at their last known addresses: 2535 Ashburn Court, Rochester, MI 48306 and 2800 Livernois, Bldg. D, Suite 220, Troy, MI 48303 [Dkt. 172 and 173]. At the time, Tissue's last known address was 2535 Ashburn Court, Rochester, MI 48306, established in a Notice of Federal Tax Lien. Exhibit A. Defendant Greystone Home Builders, LLC's last known address was 2800 Livernois, Bldg. D, Suite 220, Troy, MI 48083, as established by a Michigan Department of Licensing and Regulatory Affairs search. Exhibit B. In addition, Plaintiff served a copy of the Order on Defendants by email to the following addresses previously used by Defendants: smtissue@aol.com and sptfund@gmail.com [Dkt. 174]. On January 7, 2022, the Court held a show cause hearing, but Defendants did not appear as ordered [Dkt. 175].

7. As part of its Findings, Conclusions, and Recommendations (hereinafter "FCR"), the Court recommended another hearing requiring Defendants to appear and show cause why they should not be found in civil contempt and ordered Plaintiff to serve the FCR on Defendants [Dkt. 176]. On June 7, 2022, the Court issued an Order that required the parties to appear for a hearing on June 17, 2022 ("Second Show Cause Order") and Plaintiff served the Second Show Cause Order on Defendants by certified mail, return receipt requested and priority first class on Defendants at their last known addresses: 2535 Ashburn Court, Rochester, MI 48306 and 2800 Livernois, Bldg. D, Suite 220, Troy, MI 48303 [Dkt. 182].

D. Defendants were provided with due process because Plaintiff mailed the Show Cause Orders to Defendants' last known addresses.

8. This Court should deny the Motion to Vacate because Defendants received adequate due process. Defendants were properly served with the Post-Judgment Discovery Requests and Plaintiff mailed the Court's First Show Cause Order, the FCR, and the Second Show Cause Order (collectively "Show Cause Orders") to Defendants at their last known addresses thereby satisfying due process pursuant to FED. R. CIV. P. 5. 9.Show cause orders that are issued in civil proceedings like those at issue here are governed by the Federal Rules of Civil Procedure. According to the Advisory Committee Notes to FED. R. CIV. P. 4.1 (the "Notes"), "[s]ervice of process is not required to notify a party . . . of an order that the party show cause why that party should not be held in contempt of such an order." Rather, the Notes state that "[w]ith respect to a party who has once been served with a summons, the service . . . of an order to show cause can be made

pursuant to Rule 5." FED. R. CIV. P. 5 permits service by mail to the addressee's last known address. As a result, service is complete and due process is satisfied upon mailing the show cause orders to the person's last known address. FED. R. CIV. P.5(b)(2)(C); *Daniels v. JP Morgan Chase Bank*, 574 F. App'x 337, 338 (5th Cir. 2014) (per curiam). Further, because service is complete upon mailing, service is not necessarily invalidated by the return of certified mail or a party's refusal to accept such mail. *Goel v. Tucker (In re Tucker)*, 2021 Bankr. LEXIS 2903, at *19-20 (Bankr. S.D. Tex. Oct. 20, 2021). 10.This Court has confronted this issue before. In *Texas v. Calvin*, 2020 U.S. Dist. LEXIS22245, at *8 (N.D. Tex. Jan. 6, 2020), the Court ruled that the defendant was provided fair notice and his due process rights were not violated when the plaintiff mailed his motion to show cause and the Court's previous show cause orders to the defendant's last known address. Similarly, Defendants were provided with fair notice and due process when Plaintiff mailed the Show Cause Orders to Defendants' last known addresses. *See Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1165, 1168 n.5 (5th Cir. 1980). Moreover, much like the plaintiff in *Texas v. Calvin*, Plaintiff took additional steps to notify Defendants of the Show Cause Orders by emailing them to Defendant Sean Tissue at electronic mail addresses he had previously used. As a result, Defendants were provided with due process and fair notice. Therefore, Defendants' due process argument fails. *Nguyen v. Bank of Am., N.A.*, 2018 U.S. Dist. LEXIS 2596, at *3-4 (S.D. Tex. Jan. 4, 2018).

E. Defendant Sean Tissue's arrest and current incarceration due to the arrest warrant issued by this Court and partial response to the Post-Judgment Discovery.

11. Upon information and belief, upon Defendant Tissue's purported first learning of the arrest warrant issued by the Court, on July 17, 2022, Tissue, through his counsel, provided an Excel spreadsheet to Plaintiff's counsel that identified documents to be produced by Defendants, attached hereto as Exhibit C, and produced 162 pages of documents in response to the requests for production in the Post-Judgment Discovery Requests.

12. In another legal action against Tissue, on August 4, 2022, a criminal complaint was filed by the United States against Tissue in the U.S. District Court for the Eastern District of Michigan as *United States v. Sean Tissue*, No. 2:22-mj-30330 (D. Mich. filed Aug. 4, 2022). Exhibit D. According to the complaint, probable cause exists that Tissue violated 18 U.S.C. §1343 by committing wire fraud. *Id.* at ¶21. In particular, the complaint alleges that Tissue committed wire fraud by beginning a "new iteration" of the investment fraud scheme that is

at issue here. *Id.* at ¶7. The complaint requests that a warrant be issued authorizing the arrest of Tissue. *Id.* at ¶22. On August 5, 2022, Tissue was arrested in the Eastern District of Michigan by the Federal Bureau of Investigation, and upon information and belief, after posting a bond on those charges, Tissue is still incarcerated based on the Contempt Order of this Court.

13. In further effort to comply with the Court's Orders and allow for the release of Tissue, on August 12, 2022, counsel for Defendants forwarded to Plaintiff's counsel Defendants' objections and answers to the Post-Judgment Discovery Requests. Exhibit E.

F. Defendant Tissue provided further evidence of the last known addresses of Defendants in support of Plaintiff's proper service.

14. The documents produced by Defendants reveal that they likely received and knew about the Show Cause Orders because Defendants' actual addresses were the same as their last known addresses. Defendant Tissue's monthly bank account statements from October 5, 2021 until June 30, 2022 list his address as 2535 Ashburton Court, Rochester, MI 48306. Exhibit F. Tissue's Individual Income Tax Returns for the State of Michigan and the U.S. Government for the years 2017, 2018, 2019, 2020, and 2021 list his home and business addresses as 2535 Ashburton Court, Rochester Hills, MI 48306 – the same address where Plaintiff mailed the Show Cause Orders to Defendant Sean Tissue were affixed the Post-Judgment Discovery Requests to the front door. Exhibit G. Additionally, the documents produced by Defendant Sean Tissue reveal that the business address of Greystone Home Builders LLC was 2800 Livernois, Troy, MI 48083 – the same address where the Show Cause Orders were mailed to Defendant Greystone Home Builders LLC. Exhibit H.

15. Therefore, contrary to Defendants' assertion in the Motion to Vacate, it is very likely they found out about the Show Cause Orders long before July 13, 2022. In fact, it is very likely that Defendants found out about and had actual notice of the Show Cause Orders soon after they were mailed.

G. Defendants have not purged themselves of contempt because they are capable of complying with the Contempt Order but have failed to do so.

16. This Court should deny the Motion to Vacate because Defendants have not purged themselves of contempt. Incarceration upon a finding of civil contempt is a remedial measure designed to

enforce compliance with a court order. *See Shillitani v. United States*, 384 U.S. 364, 368 (1966). A contemnor may purge himself of a contempt order, and obtain release from jail at any time, by complying with the contempt order or by adducing evidence of his present inability to comply with the contempt order. *See United States v. Rylander*, 460 U.S. 752, 757 (1983). A contemnor has both the burden of production on his present ability to comply, *Rylander*, 460 U.S. 752, 757, as well as the burden of persuasion, *Maggio v. Zeitz*, 333 U.S. 56, 75-76 (1948).

17. Defendants have failed to comply with the Contempt Order by producing objections and answers that are defective or incomplete. The verifications of the objections and answers to Plaintiff's post-judgment interrogatories were signed by the notary public who notarized them – Kathleen Gostomski – not Defendant Sean Tissue. Additionally, of the 54 requests for production submitted by Plaintiff to Defendants, Defendants responded by stating they were unable to provide the documents requested because of Defendant Sean Tissue's incarceration.

18. Defendants have failed to meet their burdens of production and persuasion that prove their inability to comply with the Contempt Order. Incarceration does not prevent Defendants from complying with the Contempt Order. For example, Defendants could meet their discovery obligations while being incarcerated by identifying the documents that need to be produced so that (1) Defendants' counsel may retrieve and produce them to Plaintiff or (2) Plaintiff's counsel may then proceed to subpoena the identified documents.

19. Moreover, there is nothing in the record that demonstrates Tissue will comply with this Court's orders if he is released from incarceration. In fact, the record demonstrates the opposite. Defendants have refused to provide responses to Plaintiff's post-judgment discovery requests for the last five (5) years. Further, since this Court issued its Contempt Order, Tissue's legal woes have significantly increased due to the criminal complaint against him for committing wire fraud. Exhibit D. The idea that Tissue will voluntarily provide responses to the Post-Judgment Discovery Requests if he is released from incarceration is even more unlikely now that he faces federal criminal charges.

Dkt. No. 192 at 1-8.

Defendants filed a reply, *see* Dkt. No. 193, contending:

1. Defendant SEAN TISSUE has been incarcerated for thirteen (13) days in the Eastern District of Michigan as direct result of this Court's Order for Contempt, and continues to be jailed despite Defendants' compliance with the Court's Order. Until SEAN TISSUE is released from prison, any further compliance is physically impossible.

2. Further, it is an unnecessary waste of government resources for the Marshalls to transfer Defendant SEAN TISSUE from the Eastern District of Michigan to this Court.

3. Essentially, Defendant TISSUE is now in debtor's prison without access to the information necessary to purge himself of contempt, if any such contempt remains after serving discovery response and spending thirteen (13) days incarcerated.

4. Defendants produced their initial documents on July 17, 2022 via email almost immediately after retaining counsel. See [Dkt. No. 190]. Defendant TISSUE has produced all of the requested documents in his possession as of July 17, with the exception of those documents in the possession of third parties.

5. Moreover, on August 12, 2022, Defendants served their responses to Plaintiff's Post-Judgment Requests for Production and Interrogatories. A true and correct copy of the transmittal email and the Discovery Responses are attached hereto as Exhibit "A" and incorporated herein by reference. In sum, under the circumstances of incarceration, Defendants have made the maximum effort and complied with the Court's Order to the absolute best of their ability by providing complete discovery responses to Plaintiff's Post-Judgment discovery requests. Any deficiencies in Defendants' responses as alleged by Plaintiff cannot be cured while Defendant TISSUE remains incarcerated.

6. Finally, Defendant TISSUE continues to suffer from a number of serious and life threatening physical issues that have been exacerbated by incarceration. Those conditions are vascular malformation of the brain (which leaves Defendant TISSUE susceptible to clotting, hemorrhaging, strokes, etc.), mast cell activation disease (Defendant TISSUE is allergic to a number of common items, including medicine, ordinary food, cleaning supplies, ordinary material (like a fleece) which leaves him susceptible to anaphylactic shock), and a neurogenic bowel (a condition where the bowel and the brain do not communicate so his bowel does not properly evacuate). Defendant TISSUE remains under the care of a private

physician, Dr. Sarah Wilson, in Troy, Michigan and without proper care faces a life-threatening situation.

....

7. Incarceration upon a finding of civil contempt is a remedial measure designed to enforce compliance with a court order. *See Shillitani v. United States*, 384 U.S. 364, 368, 86 S. Ct. 1531, 1534, 16 L. Ed. 2d 622 (1966). A contemnor may purge himself of a contempt order, and obtain release from jail at any time, by complying with the contempt order or by adducing evidence of his present inability to comply with the contempt order. *See United States v. Rylander*, 460 U.S. 752, 757, 103 S. Ct. 1548, 1552, 75 L. Ed. 2d 521 (1983).

8. The Supreme Court in *Rylander* stated as follows: "[i]n a civil contempt proceeding ... a defendant may assert a present inability to comply with the order in question.... While the court is bound by the enforcement order, it will not be blind to evidence that compliance is factually impossible. Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action." *Id.* at 757.

9. "[T]he district court has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005). "To this end, court sanctions may be implemented to 'coerce the [Defendant] into compliance with the court's order.'" *United States v. Cabelka*, Civil Action No. 7:16-cv-00126-O-BP, 2022 U.S. Dist. LEXIS 126452, at *3 (N.D. Tex. 2022) (quoting *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000)). However, courts should purge the contemnor of civil contempt once the civil contempt of court has "achieved its intended purpose." *See id.*

10. In this matter, Defendants have complied with the Court's Order as best as possible given the circumstances of TISSUE's incarceration. Here, the Court's order states that "[t]he Marshal shall arrest Tissue as soon as reasonably practicable and hold him in custody until Tissue has complied with this Court's orders." [Dkt. No. 184].

....

12. Defendants began working to comply with the Court's Order by providing complete responses as soon as they had retained counsel. As of the filing of this reply brief, Defendant have provided responses without objections to all of the requests as ordered by this Court.

-14-

Further, Defendants have produced all documents in their possession, custody, or control, which is limited given Tissue's continued incarceration.

13. As such, the civil contempt has served its purpose – "to coerce the defendant into compliance with the court's order." *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000). Because Defendants have complied with the Court's prior orders to the best of their ability given TISSUE's incarceration, and because Defendant TISSUE has already been incarcerated for thirteen (13) days and continues to suffer from potentially life threatening conditions, this Court should purge Defendants from their civil contempt and order Defendant Tissue's immediate release from custody.

Dkt. No. 193 at 1-6 (footnote omitted).

Judge O'Connor then referred Defendants' Emergency Motion to Vacate Order for Contempt [Dkt. No. 190] and all related filings to the undersigned United States magistrate judge for hearing, if necessary, and determination or recommendation under 28 U.S.C. § 636(b)(1). *See* Dkt. No. 194.

The undersigned held a hearing with Plaintiff's counsel and Defendants' counsel on August 22, 2022, *see* Dkt. No. 199, and then entered an order requiring supplemental briefing on the motion that the undersigned determines is necessary to be able make a recommendation to Judge O'Connor and that must be filed after counsel make additional efforts regarding Defendant's compliance with the Court's discovery order at issue, *see* Dkt. No. 200. More specifically, the Court explained and ordered:

As of the time that Judge O'Connor entered the contempt order, Defendants Sean Tissue and Greystone Home Builders, LLC had not served any written responses and answers to these four sets of discovery requests. *See* Dkt. No. 184 at 3. But Defendants Sean Tissue and Greystone Home Builders, LLC have now served written responses and answers, without objections, to these four sets of

-15-

discovery requests. *See* Dkt. No. 193, Ex. A. And counsel agreed at the hearing that proper verifications of both sets of interrogatory answers were served on August 19, 2022.

After carefully reviewing the parties' briefing and submissions on Defendants' Emergency Motion to Vacate Order for Contempt and counsels' argument and discussion with the Court at the August 22, 2022 hearing, the undersigned cannot at this point recommend to Judge O'Connor that the contempt order should be vacated because Defendant Sean Tissue has complied with the Court's discovery order's requirements laid out above or has substantially complied or has made all reasonable efforts to comply with that order.

In particular, as discussed with counsel at the hearing, Defendants' responses and answers to Interrogatory Nos. 13, 18, 19, 23, and 24 in Plaintiff's Post-Judgment Interrogatories to Defendant Sean Tissue; RFP Nos. 2, 3, 5, 6, 7, 8, 11, 13, 14, 15, 16, 17, 22, 23, 24, and 25 in Plaintiff's Post-Judgment Request for Production to Defendant Sean Tissue; Interrogatory Nos. 3, 16, 21, 22, 23, and 25 in Plaintiff's Post-Judgment Interrogatories to Defendant Greystone Home Builders; and RFP Nos. 1, 2, 3, 7, 14, 15, 16, 17, 18, 19, 20, 21, 22, 25, 26, and 27 in Plaintiff's Post-Judgment Request for Production to Defendant Greystone Home Builders, LLC do not appear to meet these standards.

....

To maximize the likelihood that the undersigned can find and recommend to Judge O'Connor that Defendant Sean Tissue has complied with the Court's discovery order laid out above or has substantially complied or has made all reasonable efforts to comply with that order, bearing in mind the purposes of civil contempt sanctions, Plaintiff's counsel and Defendants' counsel are ordered to meet and confer in person or by videoconference no later than **August 26, 2022** to thoroughly discuss (1) the manner in which and the extent to which either party believes or acknowledges that Defendants' compliance with the discovery order as to these specified discovery requests is deficient, measured against the standards laid out above, and (2) how Defendant Sean Tissue, including through his counsel, can substantially comply or make all reasonable efforts to comply while coercively incarcerated.

Plaintiff and Defendants are then ordered to, by no later than **September 9, 2022**, file a supplemental joint report that includes each party's respective position as to whether (and, if so, how), through any supplemental efforts and supplemental responses, answers, and document production, Defendant Sean Tissue has complied with the Court's discovery order laid out above or has substantially complied or has made all reasonable efforts to comply with that order.

Dkt. No. 200 at 8-9.

Defendants' counsel then filed a Motion to Withdraw as Attorneys of Record

for Defendants Greystone Home Builders, LLC and Sean Tissue, *see* Dkt. No. 202,

in which they explain:

> Darrell W. Cook, Ethan Herrema, and the law firm of Cook Keith & Davis, P.C., attorneys for Defendants Greystone Home Builders, LLC and Sean Tissue request permission to withdraw from representation.
>
> This motion is based on good cause in that Greystone Home Builders, LLC and Sean Tissue have made material misrepresentations to counsel. The withdrawal is no sought for delay alone.
>
> Defendant Greystone Home Builders, LLC may be reached through its registered agent, Defendant Sean Tissue. Mr. Tissue is currently incarcerated in the Eastern District of Michigan in Livingston County, Michigan. Defendants can be reached by contacting the Livingston County Sheriff's Office at 517-540-7963. A copy of this motion will be delivered to Defendants Greystone Home Builders, LLC and Sean Tissue via the Livingston County Sheriff's Office, and to all counsel of record.
>
> Defendants Greystone Home Builders, LLC and Sean Tissue consent to this motion as evidenced by [Defendant Sean Tissue's] signature below [as] Defendant, and authorized representative of Defendant Greystone Home Builders, LLC.
>
> Defendants Greystone Home Builders, LLC and Sean Tissue have been notified that as of the filing of this Motion, there is no trial setting as this is a post-judgment matter. However, the Court has ordered the Parties to file a Joint Report as to the status of Defendants' response to Plaintiff's Post-Judgment Discovery Requests by **September 9, 2022**.

Dkt. No. 202 at 1-2. Plaintiff's counsel "is unopposed to the withdrawal of movants

in this matter," *id.* at 4, and the motion includes a Certificate of Last Known

Mailing Address for Defendants Greystone Home Builders, LLC and Sean Tissue as

2710 Ledgewood Court, Oakland Township, Michigan (248) 804-2973, *see id.* at 3.

Judge O'Connor referred the Motion to Withdraw as Attorneys of Record for Defendants Greystone Home Builders, LLC and Sean Tissue [Dkt. No. 202] to the undersigned for hearing, if necessary, and determination or recommendation to this Court under 28 U.S.C. § 636(b)(1). *See* Dkt. No. 203.

The undersigned held a hearing on the motion to withdraw with Plaintiff's counsel and Defendants' counsel on September 6, 2022, *see* Dkt. No. 207, during which counsel informed the Court that, according to Mr. Tissue's appointed criminal defense counsel in the Michigan federal criminal proceedings, Mr. Tissue has been transported by the U.S. Marshal's Service to a facility in Oklahoma from the Michigan detention facility where he had been held; the parties' counsel have conferred as the Court's August 22, 2022 order required and would be filing the mandated joint report by September 7, 2022; in connection with the Michigan federal criminal proceedings, the FBI seized many of Mr. Tissue's documents, of which his appointed criminal defense counsel is seeking to obtain copies; and Mr. Tissue's appointed criminal defense counsel asked Defendants' counsel to report that he believes that Mr. Tissue is in declining health while incarcerated and that the appointed criminal defense counsel will be able to negotiate with the government in the Michigan federal criminal proceedings to have Mr. Tissue out of custody on bond. At the conclusion of the hearing, the Court took the motion to withdraw under advisement. *See* Dkt. No. 207.

The parties filed the required Joint Report as to Post-Judgment Discovery on September 7, 2022, *see* Dkt. No. 208, in which they reported as follows:

1. Plaintiff's Position.

Pursuant to the Court's Order [Dkt. No. 200], on August 26, 2022, the Parties, through their respective attorneys, met and conferred to discuss whether (and, if so, how), through any supplemental efforts and supplemental responses, answers, and document production, Defendant Sean Tissue has (a) complied with the Court's discovery order; or (b) substantially complied or has made all reasonable efforts to comply with that order.

During the conference, Plaintiff identified the specific responses to Requests for Production and answers to Interrogatories it believes were deficient and discussed the categories of documents Plaintiff believes Defendant could produce, even while incarcerated. Generally, Plaintiff requested complete tax returns, complete bank statements, documents showing transfers of property, and documents showing Defendant's interests in real estate, which Plaintiff believes Defendant could produce even while incarcerated.

After the conference, Plaintiff learned the FBI purportedly seized documents from Defendant Mr. Tissue. On September 1, 2022, John Minock, Defendant's appointed attorney in his federal criminal case in the Eastern District of Michigan, contacted Plaintiff's counsel (copying defense counsel) stating he believes the FBI may have possession of documents Plaintiff is requesting. Mr. Minock further stated the United States Attorney and the FBI agent on the case agreed to give him copies of records requested by Plaintiff such that they can be produced to Plaintiff. On September 2, 2022, Plaintiff responded to Mr. Minock, providing him with copies of Defendant Sean Tissue's discovery responses as well as Defendant Greystone Builders, LLC's responses, highlighting the requests Plaintiff is requesting be supplemented or amended. Later that day, Mr. Minock responded that the U.S. Marshal picked Defendant Tissue up that day "to send him to court in Dallas" and that "[t]here is no way of knowing how long that will take."

Plaintiff has not received any supplemental responses or documents from Defendants since prior to the August 22, 2022 hearing and August 26, 2022 Order [Dkt. 200]. Plaintiff does not believe Defendant has complied with the Court's discovery order, substantially complied, or made all reasonable efforts to comply. Exhibits A and B, respectively, are copies of Defendant Tissue and Defendant Greystone's discovery responses. Plaintiff has highlighted the specific requests with respect to which Defendants have failed to comply, failed to substantially comply, and do not appear to have made all reasonable

efforts to comply.

2. Defendants' Position.

On August 26, 2022, the Parties, through their respective counsel, met and conferred to discuss (1) the manner in which and the extent to which either party believes or acknowledges that Defendants' compliance with the discovery order as to these specified discovery requests is deficient, measured against the standards laid out in the Court's Order [Dkt. No. 200], and (2) how Defendant Sean Tissue, including through his counsel, could substantially comply or make all reasonable efforts to comply while coercively incarcerated.

Plaintiff's counsel identified several categories of documents that Plaintiff believed could be accessed despite TISSUE's incarceration, including, but not limited to real property records, complete tax returns, and complete bank statements. However, at some time around this conference, the FBI seized copious amounts of documents as part of the proceedings in Michigan against TISSUE, including documents identified by Plaintiff's counsel at the August 26, 2022 conference.

Defendants' counsel has been in contact with TISSUE's criminal defense lawyer, John Minock, and has put Plaintiff's counsel in contact with Mr. Minock, as Minock may have access to the seized documents. Mr. Minock has not made an appearance in this matter, and is not licensed in Texas, but has indicated a willingness to cooperate and attempt to procure these documents on Defendants' behalf. However, it is unclear whether Plaintiff's counsel has contacted Mr. Minock to discuss production of the seized documents.

Moreover, pursuant to this Court's initial contempt order, TISSUE has been transported to a county jail in Oklahoma City. Defendants' counsel has no method by which to communicate with TISSUE as of the filing of this Joint Report. Given TISSUE's current status, there is no possible way for TISSUE to direct the undersigned, or John Minock on supplemental answers to Interrogatories, nor is there any way for TISSUE to direct the undersigned, or John Minock, on the location or accessibility of documents identified by Plaintiff's counsel at the August 26, 2022 conference.

In spite of Plaintiff's very broad definition of "possession, custody, and control," Defendants have identified an avenue by which to obtain a substantial number of additional responsive documents. However, TISSUE's transportation, and inability to communicate with

counsel has denied TISSUE the ability to further direct his counsel on how to adequately address the deficiencies in Defendants' post-judgment discovery responses identified by Plaintiff's counsel, if any. For these reasons, it is Defendants' position that Defendants have substantially complied with their discovery obligations given the circumstances and have made all reasonable efforts to comply with their discovery obligations while coercively incarcerated.

Dkt. No. 208 at 1-4.

The Court then confirmed that the Marshal's Service would have Mr. Tissue in custody in this district and available for court at the beginning of the week of September 12, 2022.

In light of that development and based on the parties' Joint Report as to Post-Judgment Discovery [Dkt. No. 208], the Court ordered a supplemental hearing on Defendants Greystone Home Builders, LLC and Sean Tissue's Emergency Motion to Vacate Order for Contempt [Dkt. No. 190] and Defendants' counsel's Motion to Withdraw as Attorneys of Record for Defendants Greystone Home Builders, LLC and Sean Tissue [Dkt. No. 202], explaining:

Plaintiff Bridge Tower Dallas Five, LLC filed a Motion for Contempt and Brief in Support [Dkt. No. 169], in response to Defendants Greystone Home Builders, LLC's and Sean Tissue's non-compliance with this Court's 1) Order Granting in Part Second Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 165], issued on April 22, 2021, and subsequent 2) Electronic Order [Dkt. No. 167] issued on August 4, 2021.

After a hearing, United States District Judge Reed O'Connor entered a sealed Order that held Defendants Greystone Home Builders, LLC and Sean Tissue in civil contempt and ordered Mr. Tissue to be coercively incarcerated as a sanction. *See* Dkt. No. 184.

Defendants Greystone Home Builders, LLC and Sean Tissue later retained counsel and then filed their Emergency Motion to Vacate Order for Contempt, *see* Dkt. No. 184, which, after briefing, Judge O'Connor referred to the undersigned United States magistrate judge for hearing, if necessary, and determination or recommendation under 28 U.S.C. § 636(b)(1), *see* Dkt. No. 194.

-21-

The undersigned held a hearing with Plaintiff's counsel and Defendants' counsel on August 22, 2022, *see* Dkt. No. 199, and then entered a sealed order requiring supplemental briefing on the motion that the undersigned determines is necessary to be able make a recommendation to Judge O'Connor and that must be filed after counsel make additional efforts regarding Defendant's compliance with the Court's discovery order at issue, *see* Dkt. No. 200.

Defendants' counsel later filed a Motion to Withdraw as Attorneys of Record for Defendants Greystone Home Builders, LLC and Sean Tissue, *see* Dkt. No. 202, in which they explain:

> Darrell W. Cook, Ethan Herrema, and the law firm of Cook Keith & Davis, P.C., attorneys for Defendants Greystone Home Builders, LLC and Sean Tissue request permission to withdraw from representation.
>
> This motion is based on good cause in that Greystone Home Builders, LLC and Sean Tissue have made material misrepresentations to counsel. The withdrawal is no sought for delay alone.
>
> Defendant Greystone Home Builders, LLC may be reached through its registered agent, Defendant Sean Tissue. Mr. Tissue is currently incarcerated in the Eastern District of Michigan in Livingston County, Michigan. Defendants can be reached by contacting the Livingston County Sheriff's Office at 517-540-7963. A copy of this motion will be delivered to Defendants Greystone Home Builders, LLC and Sean Tissue via the Livingston County Sheriff's Office, and to all counsel of record.
>
> Defendants Greystone Home Builders, LLC and Sean Tissue consent to this motion as evidenced by [Defendant Sean Tissue's] signature below [as] Defendant, and authorized representative of Defendant Greystone Home Builders, LLC.
>
> Defendants Greystone Home Builders, LLC and Sean Tissue have been notified that as of the filing of this Motion, there is no trial setting as this is a post-judgment matter. However, the Court has ordered the Parties to file a Joint Report as to the status of Defendants' response to Plaintiff's Post-Judgment Discovery Requests by **September 9, 2022**.

Dkt. No. 202 at 1-2.

Plaintiff's counsel "is unopposed to the withdrawal of movants in this matter," *id.* at 4, and the motion includes a Certificate of Last Known Mailing Address for Defendants Greystone Home Builders,

LLC and Sean Tissue as 2710 Ledgewood Court, Oakland Township, Michigan (248) 804-2973, *see id.* at 3.

Judge O'Connor referred the Motion to Withdraw as Attorneys of Record for Defendants Greystone Home Builders, LLC and Sean Tissue to the undersigned for hearing, if necessary, and determination or recommendation to this Court under 28 U.S.C. § 636(b)(1). *See* Dkt. No. 203.

The undersigned held a hearing on the Motion to Withdraw with Plaintiff's counsel and Defendants' counsel on September 6, 2022, *see* Dkt. No. 207, during which counsel informed the Court that, according to Mr. Tissue's appointed criminal defense counsel in the Michigan federal criminal proceedings, Mr. Tissue has been transported by the U.S. Marshal's Service to a facility in Oklahoma from the Michigan detention facility where he had been held; the parties' counsel have conferred as the Court's August 22, 2022 order required and would be filing the mandated joint report by September 7, 2022; in connection with the Michigan federal criminal proceedings, the FBI seized many of Mr. Tissue's documents, of which his appointed criminal defense counsel is seeking to obtain copies; and Mr. Tissue's appointed criminal defense counsel asked counsel to report that he believes that Mr. Tissue is in declining health while incarcerated and that we will be able to negotiate with the government in the Michigan federal criminal proceedings to have Mr. Tissue out of custody on bond.

At the conclusion of the hearing, the Court took the Motion to Withdraw under advisement. *See* Dkt. No. 207.

The parties then filed the required Joint Report as to Post-Judgment Discovery on September 7, 2022. *See* Dkt. No. 208.

The Court has now confirmed that the United States Marshal's Service will have Mr. Tissue in custody in this district and available for court at the beginning of the week of September 12, 2022.

In light of that development and based on the parties' Joint Report as to Post-Judgment Discovery, the Court will hold a supplemental hearing on Defendants Greystone Home Builders, LLC and Sean Tissue's Emergency Motion to Vacate Order for Contempt [Dkt. No. 190] and Defendants' counsel's Motion to Withdraw as Attorneys of Record for Defendants Greystone Home Builders, LLC and Sean Tissue [Dkt. No. 202] on **Tuesday, September 13, 2022 at 9:30 a.m.** in Courtroom 1561, 1100 Commerce Street, Dallas, Texas 75242.

Plaintiff's counsel and Defendants' counsel must appear in person, and the Marshal is directed to bring Sean Tissue to the hearing.

The Court will give counsel time, beginning at 9:30 a.m., to further confer and meet with Mr. Tissue about the matters discussed

-23-

in the Joint Report as to Post-Judgment Discovery before formally beginning the hearing.

Dkt. No. 209 at 1-5. (The orders at Dkt. Nos. 184 and 200 have since been unsealed.) And the Court later entered an Electronic Order providing that "Exhibits A and B are missing from the parties' [] Joint Report as to Post-Judgment Discovery [Dkt. No. 208] as filed. Plaintiff's counsel is directed to, by September 13, 2022, file those exhibits as a supplement to the joint report." Dkt. No. 210.

Plaintiff filed the required supplement, explaining that "[t]he following exhibits were requested as supplements to correct the deficiency from the original filing: Exhibit A: Greystone Home Builders, LLC's Response to Post-Judgment Request for Production with highlighted Responses; and Exhibit B: Sean Tissue's Answers to Post-Judgment Interrogatories and Sean Tissue's Objections and Responses to Plaintiff's Post-Judgment Request for Production with highlighted Answers and Responses." Dkt. No. 212 at 1. Plaintiff further explained that "[t]he highlighted discovery responses described as Exhibit A and Exhibit B were sent to Defendant Sean Tissue's Michigan criminal counsel, John Minock, on September 2, 2022," and that "Plaintiff has included its emails to Mr. Minock in Exhibit A and Exhibit B, attached." *Id.* at 2.

The Court held the supplemental hearing on September 13, 2022, and Mr. Tissue and Plaintiff's counsel and Defendants' counsel appeared in person. *See* Dkt. No. 211. Before beginning the hearing, Defendants' counsel Darrell W. Cook and Defendant Sean Tissue met privately and then Mr. Cook and Plaintiff's counsel conferred.

At the hearing, Mr. Cook reported that, after conferring with Mr. Tissue, all or most responsive materials are now in the FBI's possession and that, as reported before, Mr. Tissue's appointed criminal defense counsel (in the Michigan case) John Minock has communicated with the FBI and reports that the FBI is willing to provide access to digital copies of the materials for production in this case; that Mr. Minock is on vacation and unavailable this week; and that Mr. Tissue can do nothing more now than wait for Mr. Minock and the FBI to provide the documents and that Mr. Tissue does not have a copy of an inventory of what the FBI seized but that Mr. Cook provided Plaintiff's counsel with usernames and passwords that Mr. Tissue could recall for at least one bank account.

Plaintiff's counsel responded that the bank account login information that Mr. Tissue provided before the hearing did not work to gain access; that Plaintiff cannot know if the FBI will actually provide documents and that, without a copy of an inventory, Plaintiff does not know if the FBI in fact seized all or most responsive documents; that Plaintiff's counsel believes that there is more that Mr. Tissue can do to comply with the discovery order while incarcerated, including asking his girlfriend to locate and produce documents; that Plaintiff cannot trust Mr. Tissue's credibility as to whether he has produced all documents that he can or given complete, truthful interrogatory answers; and that Defendants' written discovery responses and answers still do not comply with the requirements of the Federal Rules of Civil Procedure, where Mr. Tissue does not explain what other documents would be responsive and where they are and how he could produce them if released.

Mr. Cook reported that he could amend the discovery responses to account for the FBI having seized responsive documents and file the amended responses as a supplement to the Joint Report as to Post-Judgment Discovery [Dkt. No. 208].

And Mr. Cook offered Defendants' Exhibits 1 and 2, which he reported are copies of Mr. Tissue's medical records or correspondence with medical personnel after Mr. Tissue's arrest, and Plaintiff's counsel objected on hearsay grounds. The Court took admission of the two exhibits and Plaintiff's hearsay objections under advisement.

Following the hearing, the Clerk of the Court docketed a pro se Motion to Appoint Counsel, *see* Dkt. No. 213, which Mr. Tissue dated on September 6, 2022 and mailed while still incarcerated in Oklahoma, and which Judge O'Connor denied on September 14, 2022 because Mr. "Tissue is currently represented by counsel (ECF No. 189)," Dkt. No. 214 at 1.

Finally, the Court "may take judicial notice of another court's judicial action," and, "[a]lthough [the Court] cannot take judicial notice of findings of fact of other courts, the fact that a judicial action was taken is indisputable and is therefore amenable to judicial notice." *Gray ex rel. Rudd v. Beverly Enterprises-Miss., Inc.*, 390 F.3d 400, 408 n.7 (5th Cir. 2004). In the criminal matter pending in the Eastern District of Michigan, the Court on September 13, 2022 entered an Order Granting Government's Amended Ex Parte Emergency Motion for Arrest Warrant for Violation of Bond Conditions Pursuant to 18 U.S.C. § 3148 (ECF No. 20), that provides:

On August 5, 2022, defendant Sean Tissue ("Tissue") was charged in a criminal complaint with wire fraud, in violation of 18 U.S.C. § 1343. Although Tissue was released on bond, he did not leave the Theodore Levin U.S. Courthouse a free man. Rather, he was detained and transferred to the Northern District of Texas in connection with a civil case against him there, *Bridge Tower Dallas Five, LLC v. Greystone Home Builders, LLC, Sycamore Homes, LLC, and Sean Tissue*. (ECF No. 20, PageID.62-63) (the "Texas Case"). Tissue was transferred to that court because it had found him in contempt of court for violating one of its prior orders issued in the Texas Case, and had issued a warrant for his arrest. (*Id.*).

On August 12, 2022, while Tissue was in the process of being transferred to the Northern District of Texas, he filed a paper in that court asserting, under penalty of perjury, that he was unaware of the orders issued by the Texas Court, the violation of which had resulted in that court's contempt order. (*Id.*, PageID.63). The government now alleges that those assertions by Tissue – which he made while on bond in this case – were false, and thus in violation of his bond condition that he not violate any federal, state, or local law. (ECF No. 11, PageID.24, 28). Specifically, the government asserts:

> examination of his text messages with the mother of Tissue's children, seized pursuant to the search warrants issued in this investigation, show unequivocally that Tissue knew of one of the Texas court's orders on January 7, 2022 and willfully disobeyed it. Thus, Tissue's August 12, 2022 statements under oath to the Texas court were both material and demonstrably false, and there is probable cause to believe, based on this evidence alone, that Tissue violated 18 U.S.C. § 1621(2) (Perjury) by making his false material verification statement to the United States District Court for the Northern District of Texas "under penalty of perjury[]"

(ECF No. 20, PageID.64).

In addition to Tissue's alleged perjury, the government provides extensive and specific details of violent physical attacks and verbal threats Tissue has allegedly made recently against his child, her mother, and others, as well as to himself. (*Id.*, PageID.65-66; ECF No. 16).1 As a result of that conduct, about which the government was unaware at the time of Tissue's initial appearance, and Tissue's alleged perjury, the government has moved to revoke his bond. (ECF No. 16). Despite that motion having been filed three weeks ago, Tissue

has not filed a formal response to it.

On September 12, 2022, the government filed an Ex Parte Emergency Motion for Arrest Warrant for Violation of Bond Conditions Pursuant to 18 U.S.C. § 3148. (ECF No. 19). On September 13, 2022, the government filed an amended version of that same motion, along with Special Agent Lobar's affidavit. (ECF No. 20, ECF No. 20-1).

18 U.S.C. § 3148 provides, in pertinent part, "The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section."

In light of all of the foregoing, the Court finds good cause for granting the government's instant emergency motion to issue a warrant for Tissue's arrest (ECF No. 20) so that he may be returned to the Eastern District of Michigan to answer the government's charge that he violated the conditions of his bond in this case. Accordingly, IT IS ORDERED that the government's emergency motion (ECF No. 20) is GRANTED. The Court will issue a warrant for Tissue's arrest, and Tissue shall remain detained pending a hearing on the government's motion to revoke his bond.

*United States of America v. Sean Tissue*, No. 2:22-mj-30330-DUTY, ECF No. 21 at

1-3 (E.D . Mich. Sept. 13, 2022).

### Legal Standards

As the Court has explained,

"[a] party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Sec. & Exch. Comm'n v. First Fin. Grp. of Tex., Inc.*, 659 F.3d 660, 669 (5th Cir. 1981) [hereinafter First Financial Group]. To hold an individual in civil contempt, "it must be found by clear and convincing evidence that '(1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order." *United States v. Woodberry*, 672 F. Supp. 2d 761, 765 (S.D. Miss. 2009) (quoting *United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004)).

"[C]ourts have the inherent power to enforce compliance with their lawful orders through civil contempt." *United States v. Smith*, No. 5:17CV86-JRG-CMC, 2018 WL 4524123, at *3 (E.D. Tex. Sept. 13, 2018) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)); *see also Int'l Union, Union Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994) ("Courts thus have embraced an inherent contempt authority, as a power necessary to the exercise of all others." (internal citation omitted)). Accordingly, judicial sanctions may "'be employed for either or both of two purposes: to coerce the [respondent] into compliance with the court's order, and to compensate the complainant for losses sustained.'" *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000) (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)).

"[T]he district court has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005). But "[i]n selecting the appropriate contempt sanction, 'a court is obliged to use the least possible power adequate to the end proposed.'" *Allstate Settlement Corp. v. Doucette*, No. H-15-1130, 2016 WL 3346531, at *3 (S.D. Tex. June 16, 2016) (quoting *Spallone v. United States*, 493 U.S. 265, 276 (1990)). Moreover, because civil contempt sanctions "are considered to be coercive and avoidable through obedience," *Bagwell*, 512 U.S. at 827, the respondent should be able to "avoid the sanctions by promptly complying with the court's order," *Smith*, 2018 WL 4524123, at *7 (internal citation omitted).

Dkt. No. 184 at 4-5.

And, as the undersigned has also explained, *see* Dkt. No. 176 at 5-6, a respondent can defend against a civil contempt "by showing a present inability to comply with the subpoena or order," *Petroleos Mexicanos v. Crawford Enters.*, 826 F.2d 392, 401 (5th Cir. 1987). "Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action. It is settled, however, that in raising this defense, the defendant has a burden of production." *United States v. Rylander*, 460 U.S. 752, 757 (1983). Additionally, "[t]he respondent may avoid a contempt finding by establishing that is has substantially

complied with the order or has made reasonable efforts to comply." *In re Brown*, 511 B.R. 843, 849 (S.D. Tex. 2014) (citing *U.S. Steel Corp. v. United Mine Workers of Am., Dist. 20*, 598 F.2d 363, 368 (5th Cir. 1979)).

The Court has ordered that Defendant Sean Tissue will be held "in custody until Tissue has complied with this Court's orders." Dkt. No. 184 at 5; *see also id.* at 6 ("After the Magistrate Judge [in the arresting district] has confirmed Tissue's identity, the Marshal SHALL bring Tissue to the Northern District of Texas, where he shall remain until his compliance with this Court's orders."). Those orders – the Court's Order Granting in Part Second Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 165], issued on April 22, 2021, and the Court's subsequent Electronic Order [Dkt. No. 167] issued on August 4, 2021 – require, in pertinent part, that:

- Defendant Sean Tissue "serve on Plaintiff Bridge Tower Dallas Five, LLC's counsel complete answers – without objections – to the first 25 numbered interrogatories in Plaintiff's Post-Judgment Interrogatories to Defendant Sean Tissue, in compliance with Federal Rule of Civil Procedure 33's requirements, *see Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 579-81 (N.D. Tex. 2018)";

- Defendant Sean Tissue "serve on Plaintiff Bridge Tower Dallas Five, LLC's counsel complete written responses – without objections – to, and produce all documents and electronically stored information in Sean Tissue's possession, custody, or control that are responsive to, Plaintiff's Post-Judgment Request for Production to Defendant Sean Tissue, in compliance with Federal Rule of Civil Procedure 34(b)'s requirements, *see Lopez*, 327 F.R.D. at 575-79";

- Defendant Greystone Home Builders, LLC "serve on Plaintiff Bridge Tower Dallas Five, LLC's counsel complete answers – without objections – to the first 25 numbered interrogatories in Plaintiff's Post-Judgment Interrogatories to Defendant Greystone Home Builders, in compliance with Federal Rule of Civil Procedure 33's requirements, *see Lopez*, 327 F.R.D. at 579-81"; and

- Defendant Greystone Home Builders, LLC "serve on Plaintiff Bridge Tower Dallas Five, LLC's counsel complete written responses – without objections – to, and produce all documents and electronically stored information in Greystone Home Builders, LLC's possession, custody, or control that are responsive to, Plaintiff's Post-Judgment Request for Production to Defendant Greystone Home Builders, LLC, in compliance with Federal Rule of Civil Procedure 34(b)'s requirements, *see Lopez*, 327 F.R.D. at 575-79."

Dkt. No. 165 at 7-8.

In pertinent part, Rule 33 requires that each interrogatory must "be answered separately and fully in writing under oath"; that "[d]iscovery by interrogatory requires candor in responding" and that "[t]he candor required is a candid statement of the information sought"; that "[t]he fact that an interrogatory calls for a thorough response – one that will take time and effort to answer – does not make it improper"; that "[w]here an interrogatory answer as a whole disclose[s] a conscientious endeavor to understand the question[] and to answer fully [that question], a party's obligation under Rule 33 is satisfied"; and that "[an answering party] is not required to make an extensive investigation in responding to an interrogatory, but he must pull together a verified answer by reviewing all sources of responsive information reasonably available to him and providing the responsive, relevant facts reasonably available to him"; and that, "[i]n sum, [a] party served with written discovery must fully answer each interrogatory or document request to the full extent that it is not objectionable." *Lopez*, 327 F.R.D. at 579-81 (cleaned up); *accord Deutsche Bank Nat'l Tr. Co. as Tr. for Ameriquest Mortg. Sec. Inc. v. Pink*, No. 7:18-cv-20-O-BP, 2019 WL 399533, at *2 (N.D. Tex. Jan. 31, 2019); *Sw. Insulation, Inc. v. Gen. Insulation Co.*, No. 4:15-cv-601-O, 2016 WL 9244822, at *3 (N.D. Tex. Apr. 25, 2016).

And, in pertinent part, Rule 34(b) requires that, "[i]n response to a Rule 34(a) request, [f]or each item or category, the response must either state that inspection and related activities will be permitted as requested" and that, "[i]n responding to [Rule 34] discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *Lopez*, 327 F.R.D. at 578 (cleaned up); *accord Deutsche Bank*, 2019 WL 399533, at *2; *Sw. Insulation*, 2016 WL 9244822, at *3; *see also Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 230 (N.D. Tex. 2016) ("Rule 34 is broadly construed and documents within a party's control are subject to discovery, even if owned by a nonparty. Rule 34's definition of 'possession, custody, or control,' includes more than actual possession or control of the materials; it also contemplates a party's legal right or practical ability to obtain the materials from a nonparty to the action." (cleaned up)).

As for Defendants' counsel's motion to withdraw, as a general matter, "[a]n attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir.1989).

The withdrawing attorney bears the burden of specifying and proving the existence of good cause for withdrawal. *See United States v. Austin*, 812 F.3d 453, 456 (5th Cir. 2016) (citing *United States v. Wild*, 92 F.3d 304, 307 (5th Cir. 1996); *Wynn*, 889 F.3d at 646). A court's determination whether an attorney has good

cause to withdraw depends on the facts and circumstances of the particular case. *See Wild*, 92 F.3d at 307 ("When filing a motion to withdraw, an attorney should provide a detailed explanation of the reasons why he believes that 'good cause' exists for him to withdraw as counsel. .... The trial court has the discretion to require specific reasons before granting such a motion."). "The withdrawal of an attorney in a given case is a matter entrusted to the sound discretion of the court." *United States v. Conlan*, 786 F.3d 380, 390 (5th Cir. 2015) (internal quotation marks omitted).

"If a district court is not persuaded that good cause for withdrawal exists, it has substantial latitude to deny an attorney's motion to withdraw." *White v. BAC Home Loans Servicing, LP*, No. 3:09-cv-2484-G, 2010 WL 2473833, at *1 (N.D. Tex. June 15, 2010) (citations omitted). "Even where good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'" *Id.* at *3 (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. Jan. 1981)).

"This requires the court to consider certain additional factors before allowing an attorney to withdraw. Those additional factors include: (1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take – and the financial burden it would impose on – the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the

administration of justice." *Id.* (citations omitted).

**Discussion**

## I.    Motion to Vacate

The Court has ordered that Defendant Sean Tissue will be held "in custody until Tissue has complied with this Court's orders." Dkt. No. 184 at 5; *see also id.* at 6.

As a preliminary matter, Defendants' assertions that they were not properly served are unpersuasive for – at least – all the reasons that Plaintiff explains in its original response to the motion to vacate. *See* Dkt. No. 192.

As the undersigned has noted, as of the time that Judge O'Connor entered the contempt order, Defendants Sean Tissue and Greystone Home Builders, LLC had not served any written responses and answers to these four sets of discovery requests. *See* Dkt. No. 184 at 3. But Defendants Sean Tissue and Greystone Home Builders, LLC have now served written responses and answers, without objections, to these four sets of discovery requests. *See* Dkt. No. 193, Ex. A. Defendants, through counsel, also produced responsive documents in July 2022. And counsel agreed at the August 22, 2022 hearing that proper verifications of both sets of interrogatory answers were served on August 19, 2022.

Based on all the circumstances now presented in this matter, the undersigned finds and recommends that the civil contempt sanction of coercive incarceration should be vacated because Defendant Sean Tissue has substantially complied and made all reasonable efforts to comply with the Court's discovery

order's requirements laid out above, bearing in mind the purposes of civil contempt sanctions.

Plaintiff asserts that Mr. Tissue has not complied with the Court's discovery order, substantially complied, or made all reasonable efforts to comply as to Defendants' responses and answers to Interrogatory Nos. 19 and 24 in Plaintiff's Post-Judgment Interrogatories to Defendant Sean Tissue; RFP Nos. 2, 3, 5, 6, 7, 8, 11, 13, 15, 16, 17, 22, 23, 24, and 25 in Plaintiff's Post-Judgment Request for Production to Defendant Sean Tissue; and RFP Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, and 29 in Plaintiff's Post-Judgment Request for Production to Defendant Greystone Home Builders. *See* Dkt. Nos. 208 & 212.

Mr. Tissue's two interrogatory answers that Plaintiff still challenges list two entities and note that there are some relevant transactions or debts to creditors but that Mr. Tissue "cannot answer fully because I do not have access to the records due to my incarceration." Dkt. No. 212-1 at 17-18 of 25.

And every one of Mr. Tissue's and (through Mr. Tissue) Greystone's responses to the listed RFPs (other than RFP No. 25, to which Mr. Tissue failed to respond at all) read: "I am unable to currently provide these documents due to my incarceration." Dkt. No. 212-1 at 5-8 of 25, 22-25 of 25.

The undersigned previously observed that most of these responses and answers do not appear to meet the standards laid out above.

But several developments lead the undersigned to find and recommend that

Mr. Tissue and (through him) Greystone have substantially complied with the Court's discovery order or has made reasonable efforts to comply and that Mr. Tissue is presently unable to further comply with the order's requirement. Mr. Tissue is, based on the Court's civil contempt order, incarcerated in a detention center in Texas. Federal law enforcement has searched and seized some of Mr. Tissue's property and records, including reportedly his computers that would provide access to relevant records on his and his companies' finances and assets. Through his counsel in this case and his appointed criminal defense counsel in Michigan, Mr. Tissue reportedly has initiated efforts to obtain for and provide to Plaintiff's counsel copies of documents and records that federal law enforcement has seized.

While implicitly acknowledging that most responsive documents or materials are apparently in Michigan and not Texas, Plaintiff's counsel's most concrete suggestion on what more Mr. Tissue can do to further comply with the Court's discovery order is to suggest that Mr. Tissue can direct his girlfriend to locate and retrieve responsive documents. The Court should decline this invitation to continue to coercively incarcerate Mr. Tissue because he might or might not be able to ask a third party to retrieve documents or data for him.

Based on the Michigan federal court's September 13, 2022 order in the pending criminal matter, vacating the coercive incarceration ordered as a civil contempt sanction here will not result in Mr. Tissue's immediate release, and vacating the coercive incarceration sanction will not change that documents and

records seized by federal law enforcement may no longer be in Mr. Tissue's possession, custody, or control. But the question in this context is not whether Mr. Tissue could more easily comply with the discovery order if he were not in custody but whether he is presently unable to further comply with the discovery order. *See Rylander*, 460 U.S. at 757; *Petroleos Mexicanos*, 826 F.2d at 401.

However much Plaintiff and its counsel distrust Mr. Tissue and are frustrated by the efforts and expense that they believe that Mr. Tissue have imposed on them to collect on their judgment against Defendants, and whatever may follow from the government's allegations in support of its motion to revoke Mr. Tissue's bond in the pending Michigan criminal matter, the question presented in this civil contempt context is only whether Mr. Tissue should remain coercively incarcerated to enforce Defendants' compliance with the Court's post-judgment discovery order based on his present ability to further comply – that is, to serve amended or supplemental written answers and responses and produce all responsive and previously unproduced documents and electronically stored information in Sean Tissue's or Greystone Home Builders, LLC's possession, custody, or control.

The undersigned recommends that the Court find, for the reasons and based on the totality of the factual circumstances described above, that Mr. Tissue should not remain coercively incarcerated – and the civil contempt sanction should be vacated – where Mr. Tissue and (through him) Greystone have substantially complied with the Court's discovery order or has made reasonable efforts to comply

and that he is presently unable to further comply with the order's requirements.

And the Court need not reach Defendants' arguments based on Mr. Tissue's alleged health issues and should decline to admit Defendants' Exhibits 1 and 2 from the September 13, 2022 hearing, which moots Plaintiff's hearsay objections.

## II.    Motion to Withdraw

If the Court agrees and grants the motion to vacate, the Court should also grant Defendants' counsel's unopposed motion to withdraw, where Defendants' counsel has made reasonable efforts to comply with the Court's orders following the motion to vacate's filing and where, if the motion to vacate is granted, permitting withdrawal will not delay or disrupt this case and no other relevant factor weighs against granting the unopposed motion to withdraw. *See White*, 2010 WL 2473833, at *3.

## Recommendation

For the reasons and to the extent explained above, the Court should grant Defendants Greystone Home Builders, LLC and Sean Tissue's Emergency Motion to Vacate Order for Contempt [Dkt. No. 190], vacate the civil contempt sanctions imposed by the Court's June 17, 2022 Order [Dkt. No. 184], grant Defendants' counsel's Motion to Withdraw as Attorneys of Record for Defendants Greystone Home Builders, LLC and Sean Tissue [Dkt. No. 202], and order that Darrell W. Cook, Ethan M. Herrema, and the law firm of Cook Keith & Davis, P.C. are withdrawn as counsel for Defendants Greystone Home Builders, LLC and Sean Tissue.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 1417 (5th Cir. 1996).

DATED: September 15, 2022

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE